FILED
MAR 1 4 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

In the District Court for
The District of Columbia

Craig Devon Thompson
    Petitioner,

V.

District of Columbia
Department of Corrections

The United States Parole
Commission
    Respondents,

Case: 1:07-cv-00477
Assigned To : Lamberth, Royce C.
Assign. Date : 03/14/2007
Description: THOMPSON, SR. V. DC DEPT. OF CORRECTIONS

A Writ of Habeas Corpus
Pursuant to 42 USC 2241

Come now the petitioner, a pro se litigant, invoking This Honorable Court, having jurisdiction hereof, to rule on

the following claim against the above mentioned respondents.

In support thereof, the petitioner presents the following:

**RECEIVED**

MAR - 1 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1

(1)

## Statement of the Case

On January 13, 1992, the petitioner was sentenced in D.C. Superior Court to a term of "<u>No Less than</u> five (5) years and <u>Not more than</u> (15) years." He is currently in custody of the respondent; The D.C. Department of Corrections as a parole violator.

When he was initially sentenced in 1992, petitioner served approximately six (6) years two (2) months in confinement before being paroled by the respondent, The D.C. Parole Board in April 1998 (Confined from 1992 thru 1998)

Consequently, in June of 1999, petitioner violated conditions of release and was sent back to prison As a violator on A five (5) year set off by the United States Parole Commission, (Hereafter "The USPC.) After successfully serving the five (5) year set off, the petitioner was re-paroled on June 7, 2004; bringing the total period of confinement in This case to approximately eleven (11) years two (2) months. (i.e. From 1992-1998 = six (6) years; and from 1999-2004 = five (5) years.

So, the total time actually spent in confinement here is eleven (11) years two (2) months.

Subsequent to that, on June 7, 2006, the petitioner turned himself in to the Prince George's County officials on an open warrant for his arrest in that jurisdiction.

Soon thereafter, the petitioner posted bail in that case, only to find that the USPC had lodged a parole warrant against him in the form of a detainer preventing him from being released on bond. Petitioner was subsequently transported by the U.S. Marshall Service to the District of Columbia as A parole violator where he remains up until this date.

(2)

## Arguments

The petitioner contends that, according to the explicit and mandatory language used in his original sentencing order "No less than five (5) years; and Not more than (15) years; that the USPC no longer have jurisdiction over the execution of his sentence as he has actually satisfied its maximum requirement; and that the USPC is not a judicial branch of government, thus lack the authority to alter the judges original sentencing order which used explicit and mandatory language about the terms of its execution citing "Not less than (5) years and Not more than (15) years. Here is why:

The Constitution of the United States (i.e. Articles I, II, and III "Separation of Powers") bars the USPC; or any of its interdepartmental agencies, such as CSOSA, from altering the original judgment and commitment order on this case which used explicit and mandatory language about the terms of it's execution with "No less Than (5) years; and Not More Than (15) years.

Such agencies, the USPC, CSOSA, and its' supervising officials are mere agents of the courts in terms of executing sentences, whose authority ends at that, and not to be misconstrued with the judicial branch of government who has the exclusive power to prescribe the imposition of penalties. If, in fact, these non judicial entities are permitted to do so, the end results would be a direct improachment on the Separation of Power

(3)

Clauses of Constitutional Law.

In this case, the petitioner has actually satisfied the full term expiration of his sentence. (Note: Contrast original arrest date of January 13, 1992 with the full term expiration date of January 13, 2007) These are all credits of which no governmental entity outside of the judicial branch of government could alter.

The Separation of Powers Clause in this case under Article I, II, and III provides that "The USPC and it interdepartmental agencies e.g. CSOSA, do not have the authority to alter the judges original sentencing order which used explicit and mandatory language about its execution expressed in the form of "**Not less than**; and **Not more than**."

According to this language, the petitioner has actually satisfied the full term of expiration as of January 13, 2007, if in fact, his sentence was properly executed in compliance with the explicit language used by his sentencing judge.

Given such language, could, or would the USPC contemplate releasing the petitioner prior to satisfying the expressed mandatory minimum in this case? (**No less than five (5)**) Certainly not!

Then how could they consider holding him beyond its full term expiration? (**Not more than fifth-teen (15)**) If this holds to be true, the USPC then, has no further jurisdiction over the petitioners' sentence, whose term has officially expired as of January 13, 2007 based on the explicit language used in terms of its execution.

**(4)**

Unless, of course, the respondents are permitted to encroach on the petitioner's 8th, 14th, and 15th Amendment Rights under the Constitutional Fan.

Therefore, the petitioner contends that he is being detained illegally. Which is just cause for this Honorable Court, in its' jurisprudence, to intervene in this matter safeguarding against the irrefutable inoculation of unjust and mockery of justice by the issuance of this **Mighty Writ of Habeas Corpus**.

(5)

## Discussion

The integrity of sentencing structure is certainly at stake here. At the time petitioner received his sentence in "1992" there was no way for the sentencing judge to take into account the many new subsequent statutes and regulations the USPC now incorporate in the scheme of executing sentences. The petitioner was sentence under D.C. Codes and statutes at the time of his sentencing. The sentencing judge of course, at the time of sentencing has to consider certain factors during sentencing; (e.g. where the petitioner would actually be serving his time; good time credits and eligibility for early release on parole, etc.) All of these things, the petitioner contend were interwoven and intricate parts of the sentencing judge intent when imposing the punitive phase of his sentence; (criteria for execution.)

Thus, as a result of the respondents application of subsequent statutes and regulations, the petitioner is actually being punished twice for the offense in violation of Constitutional Law; (i.e. Double Jeopardy and Ex Past Facts)

**(6)**

Clearly, double jeopardy is banned by the 5th Amendment which reads and provides the following:

> "No person shall be (explicit language, emphasis mine) subject for the same offense to be twice put in jeopardy of life, limb, or <u>liberty</u>." Note * See North Carolina V. Pearce 395 U.S. 711-717, (1969)

Further, according to Article I section (9), even congress itself is barred from transgressing on judicial proceedings and discretion. Therefore, so too must the respondent; the USPC and its interdepartmental agencies, who fall under the executive branch of government be barred from doing the same.

With that being established, a second punishment imposed by the USPC, based on a different statute of which was not apart of the original sentencing scheme causing the petitioner to be punished beyond the original penalty prescribed is illegal, unconstitutional, and in direct conflict with Due Process of law; (i.e. the 14th and 15th Amendments.)

In it's context, the indictment prescribes that penalty available to the offense, thus any actions taken outside the courts to decrease or elongate a sentence by these subsequent statutes lack subject matter and ultimately jurisdiction.

Again, double jeopardy protects against twice being put in jeopardy by criminal proceeding resulting from the same offense.

There is not an instant here, where the sentencing court has delegated authority to the respondent to alter its original order and detain the petitioner beyond the original penalty prescribed which explicitly states<u>: **Not more than**</u> (15) years. So, neither of these agencies could legitimize or

**(7)**

validate detaining him beyond his full term expiration date. Any action to impose sanctions or penalties beyond that date therefore, would be in violation of Constitutional Law.

For all the above reasons, the petitioner is the form of this action respectfully pray that this court, in its jurisdiction, would intervene and redeem his rights under Constitutional Law, which suggest that he is being detained illegally by the respondents beyond the full term expiration date of January 13, 2007.

Petitioner further request that this court enters an order substantiating the fact that the USPC lack any further jurisdiction to impose sanctions against the petitioner based on the fact that his sentence has actually expired as of January 13, 2007 due to the explicit and mandatory language used during its' imposition.

Finally, the petitioner in this action seeks none other than his immediate release from incarceration, and a formal certificate of completion from the respondent, the USPC validating the expiration of his sentence.

## Certificate of Service

I do hereby certify that two copies of this foregoing action was hand delivered to the Clerk of the Court in care of both respondents at 333 Constitution Ave. N.W. Washington, D.C. 20001

I also swear under the penalty of perjury that the above information is accurate and true to the best of my knowledge.

Respectfully submitted on this 5th day of February 2007.

Respectfully,

_C. D. Thompson_
Craig Devon Thompson Sr.

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

## I (a) PLAINTIFFS
Craig Devon Thompson, Sr

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF 88888
(EXCEPT IN U.S. PLAINTIFF CASES)

PRO SE (PR)

## DEFENDANTS
District of Columbia Dept. of Corrections, et al.,

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
#

Case: 1:07-cv-00477
Assigned To : Lamberth, Royce C.
Assign. Date : 03/14/2007
Description: THOMPSON, SR. V. DC DEPT. OF CORRECTIONS, et al.,

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES
(FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

### ☐ A. Antitrust
☐ 410 Antitrust

### ☐ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ☐ C. Administrative Agency Review
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ☐ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

## ☐ E. General Civil (Other) OR ☐ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

O

| ☒ G. *Habeas Corpus/ 2255* | ☐ H. *Employment Discrimination* | ☐ I. *FOIA/PRIVACY ACT* | ☐ J. *Student Loan* |
|---|---|---|---|
| ☒ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
| ☐ K. *Labor/ERISA (non-employment)* | ☐ L. *Other Civil Rights (non-employment)* | ☐ M. *Contract* | ☐ N. *Three-Judge Court* |
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (If Voting Rights Act) |

**V. ORIGIN**

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ Multi district Litigation ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
28 USC 2241

**VII. REQUESTED IN COMPLAINT** CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐   **DEMAND $** 0   Check YES only if demanded in complaint **JURY DEMAND:** ☐ YES ☒ NO

**VIII. RELATED CASE(S) IF ANY** (See instruction)   ☐ YES ☒ NO   If yes, please complete related case form.

DATE                SIGNATURE OF ATTORNEY OF RECORD

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.