**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **CRAIG D. THOMPSON** | : | **Case No. 07-477 (RCL)** |
| **Petitioner** | : | |
| | : | |
| | : | |
| **v.** | : | |
| | : | |
| | : | |
| **U.S. PAROLE COMMISSION** | : | |
| **Respondent** | : | |
| _____ | : | |

**GOVERNMENT'S  MOTION FOR LEAVE**
**TO LATE-FILE U.S. PAROLE COMMISSION'S OPPOSITION**
**TO DEFENDANT'S PRO SE PETITION FOR A WRIT OF HABEAS CORPUS**

The United States Parole Commission ("the Commission"), through its attorney, the

United States Attorney for the District of Columbia,  respectfully moves this Court for

permission to late-file its opposition to Petitioner's <u>pro se</u> petition for a writ of habeas corpus.

As grounds for this request, the Commission submits:

1.  The Commission's response was due by Wednesday, May 30, 2007.   However, on

that date, the U.S. Parole Commission provided undersigned counsel with exhibits to support its

opposition to Petitioner's habeas claim.  On that date, the undersigned Assistant United States

Attorney prepared the Parole Commission's opposition to Petitioner's habeas petition for filing.

2.  Based on all of the above, the Commission would therefore respectfully move this

Court for permission to late-file its opposition to Petitioner's habeas petition to today, May 31,

2007.

WHEREFORE the Commission respectfully requests permission to late-file its

Opposition to Petitioner's pro se Petition for a Writ of Habeas Corpus on Thursday, May 31,

2007.


Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney

ROBERT D. OKUN
Chief, Special Proceedings Division


_____/s/_____
TRICIA D. FRANCIS
Assistant U.S. Attorney
D.C. Bar No. 457800
555 4th Street, N.W.
Washington, D.C. 20530
(202) 353-9870


CERTIFICATE OF SERVICE

I certify that a copy of the foregoing motion was mailed on the __31st _ day of May,
2007, to Petitioner, Craig Thompson, DCDC Number 252-583, D.C. Central Detention Facility,
1901 D Street, S.E., Wahsington, D.C. 200003.

_____/s/_____
ASSISTANT UNITED STATES ATTORNEY

# UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **CRAIG D. THOMPSON** | : | **Case No. 07-477 (RCL)** |
| **Petitioner** | : | |
| | : | |
| | : | |
| **v.** | : | |
| | : | |
| | : | |
| **U.S. PAROLE COMMISSION** | : | |
| **Respondent** | : | |
| _____ | : | |

## ORDER

_____ Upon consideration of the U.S. Parole Commission's ("the Commission") Motion for

Leave to Late-File Its Opposition to Petitioner's <u>pro se</u> Petition for a Writ of Habeas Corpus, it is

hereby

ORDERED that the Commission's motion to late-file its opposition is hereby granted.


_____          _____
DATE                            HON. ROYCE C. LAMBERTH
                                U.S. DISTRICT COURT
                                District of Columbia

cc:

Tricia D. Francis, Esq.
U.S. Attorney's Office for D.C.
Special Proceedings Section
555 4th Street, N.W.
Room 10-447
Washington, D.C. 20530

Craig Thompson
DCDC 252-583
D.C. Central Detention Facility
1901 D Street, S.E.
Washington, D.C. 20003

# UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **CRAIG D. THOMPSON** | : | **Case No. 07-477 (RCL)** |
| **Petitioner** | : | |
| | : | |
| | : | |
| **v.** | : | |
| | : | |
| | : | |
| **U.S. PAROLE COMMISSION** | : | |
| **Respondent** | : | |
| _____ | : | |

## UNITED STATES PAROLE COMMISSION'S OPPOSITION
## TO PETITIONER'S PRO SE PETITION FOR A WRIT OF HABEAS CORPUS

The U.S. Parole Commission ("Commission"), by and through its attorney, the United States Attorney for the District of Columbia, opposes Petitioner's <u>pro se</u> petition for a writ of habeas corpus. Petitioner has filed a petition for writ of habeas corpus, in which he claims that the Commission is violating his constitutional rights by issuing a parole violator warrant and by revoking his parole. Petitioner also argues that since the Commission's actions in his case caused his sentence to be extended beyond the maximum sentence that he was originally ordered to serve in this case, this Court should find that the Commission lacks jurisdiction in his case, and it should issue an order stating that Petitioner has fully served his sentence. Because the constitutionality of the Commission and its authority to supervise parolees and revoke parole is well established, and because the Commission did not unlawfully extend Petitioner's sentence beyond the maximum sentence ordered by the judge that sentenced him, Petitioner's writ of habeas corpus should be summarily denied.

## PROCEDURAL HISTORY

On October 8, 1992, the Honorable Frederick Weisberg ordered Petitioner, Craig D. Thompson, to serve a sentence of no less than five years and no more than 15 years in prison for the offense of Possession of a Firearm During a Crime of Violence ("PFCOV"). See Attachments A and B (Sentence Monitoring Computation Date; Judgment and Commitment Order, October 8, 1992). On February 6, 1998, the District of Columbia Parole Board ("Parole Board") ordered that Petitioner be placed on parole on April 3, 1998, and that he remain on parole until February 22, 2007, or until action was taken by the Parole Board. See Attachments C1 and C2 (Certificate of Parole, February 6, 1998; Release Verification Report, April 3, 1998).

On April 26, 1999, the Parole Board issued a parole violator warrant as a detainer on the basis that Petitioner had committed another crime. See Attachment D1-D3 (Notice of Board Order, April 26, 1999; Warrant, Warrant Return). Specifically, Petitioner was arrested and charged with Possession with Intent to Distribute Marijuana in Prince William County, Virginia, on April 10, 1999. See Attachment E (Memorandum, April 28, 1999). Petitioner's parole officer also alleged that Petitioner had failed to inform his parole officer of his home address. Id. at 2. Consequently, a parole revocation hearing was held before the Parole Board on August 21, 1999. See Attachment F at 2 (Parole Determination record Revocation Hearing, August 21, 1999). Subsequent to the hearing, the Board revoked Petitioner's parole and ordered that he be reconsidered for parole by March 8, 2000. See Attachment G (Notice of Board Order, October 15, 1999).

On March 22, 2000, the Commission conducted a reconsideration hearing in Petitioner's case, and ordered that Petitioner be placed on presumptive parole after he served 60 months of

imprisonment.  See Attachment H at 7 (Hearing Summary).[1]  On June 7, 2004, the Commission

released Petitioner back on parole.  See Attachment I (Notice of Action).  Since Petitioner's

parole had been previously revoked, the expiration date for his sentence was determined to be

March 10, 2008.  See Attachment J at 2 (Certificate of Parole, June 7, 2004).

On May 17, 2006, Petitioner's Community Supervision Officer ("CSO") informed the

Commission that the State of Maryland (Prince George's County) had issued a warrant for

Petitioner's arrest on the charge of Attempted Murder.  See Attachment K (Violation Report).

Consequently, the Commission issued a parole violator warrant for Petitioner's arrest on June 5,

2006).  See Attachment L (Warrant, Warrant Return).  Petitioner was arrested on the warrant on

August 7, 2006.  Id. at 2.  A probable cause hearing was held before a hearing examiner with the

Commission on August 11, 2006, where the hearing examiner found that there was probable

cause to continue revocation proceedings against Petitioner.  See Attachment M (Probable Cause

Hearing Digest).  The Commission eventually released Petitioner to the custody of the Prince

George's County Sheriff's Office, so that Petitioner could attend the trial on the Attempted

Murder charge in Prince George's County, Maryland.  See Attachments N and O (Memorandum,

December 14, 2006; Notice of Action, December 15, 2006).  Petitioner was ultimately convicted

of the following crimes in Maryland: 1) First-Degree Assault; 2) Use of a Handgun During a

Crime of Violence; 3) Carrying a Dangerous Weapon; and 4) Reckless Endangerment.  See

Attachment P (Notice of Incoming Telephone Call, February 1, 2007).  Consequently, the

---

[1]  The Commission assumed responsibility of making parole release decisions for all eligible D.C. Code offenders on August 5, 1998.  See D.C. Code § 24-131.  Two years later, the Parole Board was abolished, and the Commission assumed the responsibilities that were previously handled by the Parole Board, which included revoking the parole of D.C. Code offenders.

Commission recommended that an institutional revocation hearing be held at the Central Treatment Facility on March 28, 2007.  See Attachment Q (Memorandum, February 1, 2007). The Commission also ordered that Petitioner be returned to federal custody following his sentencing hearing in Prince George's County, Maryland.  See Attachment R (Notice of Action, February 16, 2007).

On February 5, 2007, Petitioner mailed his pro se habeas petition to the U.S. District Court for the District of Columbia.  Since the filing of Petitioner's habeas petition, the Commission has learned that Petitioner has been placed in the custody of the U.S. Marshal's Service, and the Commission is currently taking steps to grant Petitioner an institutional revocation hearing.

## ARGUMENT

In his petition, Petitioner challenges the Commission's authority and jurisdiction to issue a parole violator warrant and revoke his parole. Specifically, he argues that the Commission cannot force him to serve additional time in prison because he has already served the maximum term that he was originally ordered to serve in this case, which was 15 years of imprisonment. Petition at 2.  Petitioner also argues that the Commission lacks authority to detain him because it is not an Article III court with judicial power and the Commission's actions violate the separation of powers doctrine.   However, the constitutional authority of the U.S. Parole Commission is well established.  Accordingly, Petitioner's claim is without merit and it should be summarily denied.

The Commission has no authority to impose a prison sentence upon conviction of a crime; this authority rests with the Superior Court of the District of Columbia. See D.C. Code §

11-923(b) (granting jurisdiction to Superior Court over any criminal case under District of

Columbia law). Rather, the Commission has full authority to grant, deny, or revoke a D.C.

offender's parole, pursuant to D.C. Code § 24-131(a). The Commission exercises its authority

over D.C. Code parolees by virtue of the National Capital Revitalization and Self-Government

Improvement Act of 1997, Title XI of Pub. L. 105-33, § 11231.  <u>See</u> D.C. Code § 24-131 (a)

(2001); <u>Pate v. United States</u>, 277 F. Supp.2d 1, 3 n. 2 (D.D.C. 2003); <u>Allston v. Gaines</u>, 158

F.Supp.2d 76, 78 (D.D.C .2001). This law expressly requires the Commission to apply D. C.

parole laws. <u>See</u> D.C. Code § 24-131(c) ("The Parole Commission shall exercise the authority

vested in it by this section pursuant to the parole laws and regulations of the District of

Columbia...").

The constitutional authority of a parole agency to detain a parolee, and to return the

parolee to prison upon an order revoking parole, is well established.  <u>See</u> <u>Morrissey v. Brewer</u>,

408 U. S. 471, 478-80, 485-89 (1972). <u>See also</u> <u>United States v. Addonizio</u>, 442 U.S. 178, 188

(1979) ("The decision as to when a lawfully sentenced defendant shall actually be released has

been committed . . . to the discretion of the Parole Commission").  A parole agency's exercise of

its authority does not violate the separation of powers doctrine and does not unconstitutionally

infringe on a judicial function. <u>See</u> <u>Simpson v. Ortiz</u>, 995 F.2d 606, 610-11 (5th Cir.) (Parole

Commission did not violate doctrine of separation of powers by establishing parole eligibility

guidelines), <u>cert. denied</u>, 510 U.S. 983 (1993);  <u>Geraghty v. U. S. Parole Comm'n</u>, 719 F.2d

1199, 1211-12 (3rd Cir. 1983)(Commission does not perform a "judicial function" when it grants

and denies parole), <u>cert. denied</u>, 465 U.S. 1103 (1984);  <u>Artez v. Mulcrone</u>, 673 F.2d 1169, 1170

(10th Cir. 1982) (federal parole statute is not an unconstitutional delegation of judicial power and

does not usurp the judicial function;  "[i]n granting or denying parole, the Parole Commission does not modify a trial court's sentence, but merely determines whether the individual will serve the sentence inside or outside the prison walls"). Because revocation of parole is not a new criminal prosecution in any sense, see Maddox v. Elzie, 238 F.3d 437, 443 (D.C. Cir.), cert. denied, 534 U.S. 836 (2001); cf. id. at 445 ("Morrissey, [supra,] makes clear that parole revocation is not the continuation of a criminal trial but a separate administrative proceeding at which the parolee does not possess the same rights as a criminal defendant at trial.") (emphasis added), the Commission does not usurp Article III powers when it revokes a released prisoner's parole.

Furthermore the Commission has not unlawfully extended Petitioner's sentence because it is authorized to forfeit the time Petitioner had spent on parole ("street time") when his parole had been previously revoked.  The law is clear that, upon revocation of parole, none of the time that a prisoner has previously spent on parole in the past can be credited to the service of his sentence, and that street time is properly forfeited. *See* D.C. Code § 24-406(a); *United States Parole Comm'n v. Noble*, 693 A.2d 1084, 1085 (D.C.1997), *op. adopted*, 711 A.2d 85 (D.C.1998) (*en banc*)(D.C. Code § 24-406 requires automatic forfeiture of street time after revocation of parole); *see also Jones v. Bureau of Prisons*, 2002 WL 31189792 (D.C. Cir. 2002)(appellant cannot receive credit for "street time" after his parole is revoked). Thus, the Parole Commission correctly forfeited all of the time the petitioner spent on parole supervision each time it revoked his parole.  Accordingly, Petitioner's sentence was not unlawfully extended.

6

## **CONCLUSION**

_____Accordingly, for the foregoing reasons, the petitioner's petition for a writ of habeas

corpus should be summarily denied.

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney
D.C. Bar Number 498-610

_____    /s/ Robert D. Okun_____
ROBERT D. OKUN
Assistant United States Attorney
Chief, Special Proceedings Division
D.C. Bar Number 457-078

_____    /s/ Tricia D. Francis_____
TRICIA D. FRANCIS
Assistant United States Attorney
Special Proceedings Division
D.C. Bar No. 457-800
555 4th Street, N.W., Room 10-447
Washington, D.C. 20530
(202) 353-9870

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the United States' Opposition has been filed
electronically with the Court and served by mail upon the petitioner, Craig Thompson, DCDC #
252-583, D.C. Central Detention Facility, 1901 D Street, S.E.,Washington, D.C. 20003, this 31st
day of May, 2007.

_____    /s/ Tricia D. Francis_____
Tricia D. Francis
Assistant United States Attorney

ATTACHMENT A



GOVERNMENT
EXHIBIT
4

```
5H PARIG 540*23 *            SENTENCE MONITORING            *    05-31-2006
PAGE 001                *       COMPUTATION DATA           *       12:15:41
                                AS OF 06-07-2004

REGNO..: 11220-007 NAME: THOMPSON, CRAIG D

FBI NO...........: 335729PA2                DATE OF BIRTH:
ARS1.............: CDC/PAROLE
UNIT.............:                          QUARTERS.....:
DETAINERS........: NO                       NOTIFICATIONS: NO

PRE-RELEASE PREPARATION DATE: 12-07-2003

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S PRIOR COMMITMENT.
THE INMATE WAS SCHEDULED FOR RELEASE: 06-07-2004 VIA PAROLE

-------------------------PRIOR JUDGMENT/WARRANT NO: 010-------------------------
COURT OF JURISDICTION...........: DIST OF COLUMBIA, SUPERIOR CRT
DOCKET NUMBER...................: F468-92H
JUDGE...........................: WEISBERG
DATE SENTENCED/PROBATION IMPOSED: 10-08-1992
DATE WARRANT ISSUED.............: 04-21-1999
DATE WARRANT EXECUTED...........: 06-08-1999
DATE COMMITTED..................: 06-11-2002
HOW COMMITTED...................: RETURN OF PAROLE VIOLATOR
PROBATION IMPOSED...............: NO
SPECIAL PAROLE TERM.............:

RESTITUTION...: PROPERTY: NO    SERVICES: NO    AMOUNT: $00.00

-------------------------PRIOR OBLIGATION NO: 010-------------------------
OFFENSE CODE....: 606
OFF/CHG: 22-3204; POSSESSION OF A FIREARM DURING CRIME OF VIOL OR
DANGEROUS OFFENSE
SENTENCE PROCEDURE.............: DC GTCA ADULT SENTENCE
SENTENCE IMPOSED/TIME TO SERVE.: 15 YEARS
NEW SENTENCE IMPOSED...........: 3247 DAYS
BASIS FOR CHANGE...............: PAROLE VIOLATOR WARRANT EXEC
DATE OF OFFENSE................: 12-18-1991

G0002            MORE PAGES TO FOLLOW . . .
```

```
5H   PARIG 540*23 *                SENTENCE MONITORING              *   05-31-2006
PAGE 002 OF 002 *                  COMPUTATION DATA                 *   12:15:41
                                   AS OF 06-07-2004

REGNO..: 11220-007 NAME: THOMPSON, CRAIG D


------------------------------PRIOR COMPUTATION NO: 010--------------------------

COMPUTATION 010 WAS LAST UPDATED ON 05-28-2004 AT CRO AUTOMATICALLY

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
PRIOR COMPUTATION 010:                           010 010

DATE COMPUTATION BEGAN.........: 06-08-1999
TOTAL TERM IN EFFECT...........: 3247 DAYS
TOTAL TERM IN EFFECT CONVERTED.: 8 YEARS    10 MONTHS    20 DAYS
EARLIEST DATE OF OFFENSE.......: 12-18-1991

JAIL CREDIT....................: FROM DATE      THRU DATE
                                 04-21-1999    06-07-1999

TOTAL JAIL CREDIT TIME.........: 48
TOTAL INOPERATIVE TIME.........: 0
STATUTORY GOOD TIME RATE.......: 8
TOTAL SGT POSSIBLE.............: 853
PAROLE ELIGIBILITY.............: COMMISSION'S DISCRETION
STATUTORY RELEASE DATE.........: 11-08-2005
TWO THIRDS DATE................: N/A
180 DAY DATE...................: N/A
EXPIRATION FULL TERM DATE......: 03-10-2008

PAROLE EFFECTIVE...............: 06-07-2004
PAROLE EFF VERIFICATION DATE...: 01-14-2004
NEXT PAROLE HEARING DATE.......: N/A
TYPE OF HEARING................: PRESUMPTIVE PAROLE

ACTUAL SATISFACTION DATE.......: 06-07-2004
ACTUAL SATISFACTION METHOD.....: PAROLE
ACTUAL SATISFACTION FACILITY...: CDC
ACTUAL SATISFACTION KEYED BY...: JAF
DAYS REMAINING.................: 1372
FINAL PUBLIC LAW DAYS..........: 0
REMARKS........: 10% DATE:12-07-2003
                 COMP RE-CERTIFIED BY DC RECORDS CENTER ON 05-28-04


S0039        ALL CURRENT COMPS ARE SATISFIED
```

ATTACHMENT B

PCH 252583

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**

United States of America
District of Columbia

Case No. F 5118-92H
PDID No. 422-562

vs.

Craig D. Thompson

**JUDGMENT AND COMMITMENT/PROBATION ORDER**

The above-named defendant having entered a plea of ☐ Not Guilty ☑ Guilty to the Charge(s) of Possession Of A Firearm During Crime Of Violence Or Dangerous offense

and having been found guilty by ☐ Jury ☑ Court, it is hereby ORDERED that the defendant has been convicted of and is guilty of the offense(s) charged, and is hereby SENTENCED to [illegible]

5 years to 15 years.

12.09.2001 cgt

☑ MANDATORY MINIMUM term of 5 years, applies to the sentence imposed.

☐ MANDATORY MINIMUM term does not apply.

☑ ORDERED that the defendant be committed to the custody of the Attorney General for imprisonment for the period imposed above. PSI Attach.

☐ ORDERED that the defendant be committed to the custody of the Attorney General for treatment and supervision provided by the D.C. Department of Corrections pursuant to Title 24, Section 803[b] of the D.C. Code [Youth Rehabilitation Act 1985].

☐ ORDERED that the defendant be placed on probation in charge of the Director, Social Services Division and it is further ORDERED that while on probation the defendant observe the following marked conditions of probation:

☐ Observe the general conditions of probation listed on the back of this order.

☐ Cooperate in seeking and accepting medical, psychological or psychiatric treatment in accordance with written notice from your Probation Officer.

☐ Treatment for ☐ alcohol problems ☐ drug dependency or abuse as follows: ______

☐ Restitution of $______ in monthly installments of $______ beginning ______ (see reverse side for payment instructions). The Court will distribute monies to ______

☐ ______

Costs in the aggregate amount of $ 20 have been assessed under the Victims of Violent Crime Compensation Act of 1981, and ☐ have ☒ have not been paid.

ORDERED that the Clerk deliver a true copy of this order to appropriate authorized official(s) and that the copy shall serve as the commitment/order for the defendant.

10/8/92 — Date — [signature] — Judge

Certification by Clerk pursuant to Criminal Rule 32(d)

10/8/92 — Date — [signature] — Deputy Clerk

GOVERNMENT EXHIBIT B

# ATTACHMENT C

GOVERNMENT EXHIBIT

BOARD OF PAROLE
DISTRICT OF COLUMBIA
CERTIFICATE OF PAROLE

ADULT     AP # 20951-98

The DISTRICT OF COLUMBIA BOARD OF PAROLE, having been advised that

THOMPSON, Craig ———— D.C.D.C. 252-583 ———— is eligible to be

PAROLED, and it being the opinion of the BOARD OF PAROLE that the above-named will remain at liberty without violating the law and that the release of the individual to supervision is not incompatible with the welfare of society, it is ORDERED by the BOARD that the above-named be PAROLED on ———— April 3, 1998 ———— , and that said person remain under supervision within the limits of the WASHINGTON METRO AREA (including the District of Columbia; Prince Georges and Montgomery Counties of Maryland; Arlington and Fairfax Counties of Virginia, including the cities of Alexandria, Fairfax and Falls Church, Virginia) until ———— February 22, 2007 ———— unless or until other action is taken by the District of Columbia BOARD OF PAROLE.

This action is subject to the above-named individual's signing an agreement to abide by and comply with all of the conditions of parole as shown on the reverse side of this CERTIFICATE.

Given under the hands and seal of the BOARD this ———— 6th ———— day of ———— February ———— 19 98

———— _Administrator_

TEST
A TRUE COPY

The above-named was released on the ———— day of ———— 19

Director, Michael Green
Parole Determination
D.C. Board of Parole



YAU

GOVERNMENT OF THE DISTRICT OF COLUMBIA
PAROLE SUPERVISION SERVICES DIVISION
DISTRICT OF COLUMBIA BOARD OF PAROLE
300 INDIANA AVENUE N.W., 2ND FLOOR
WASHINGTON, DC 20001

# RELEASE VERIFICATION REPORT

MAR 26 1998

INMATE'S NAME: THOMPSON, CARIG GRANT DATE: 2-6-98
DCDC: 252-583 PDID: 439-583 DOB: INSTITUTION: MIN
OFFENSE(S): POSS OF FIREARM SENTENCE(S): 5-15 yrs
Sentenced: 10-8-92

HOME: BERNISE THOMPSON (Will reside with (Name)) MOTHER (Relationship) 202-581-5594 (Telephone No.)

ADDRESS:

VERIFIED DATE: 3-25-98 METHOD: T/C CONTACTED: SAME

EMPLOYER: DR. REDFEAR POSITION: CLECK
ADDRESS: 2440 M STREET NW STREET NW TELEPHONE: 202-223-6031
SUPERVISOR: DR. REDFEAR WAGE: N/A HOURS: N/A
DATE VERIFIED: 3-25-98 METHOD: T/C CONTACTED: SAME

**SPECIAL CONDITION(S):** PAY VVCC
T

**SPECIAL INSTRUCTIONS/ADDITIONAL COMMENTS:**

PAROLE OFFICER: B.MAYO DATE: 3-25-98
SUPERVISORY PAROLE OFFICER: WILLIATE S. COPELAND DATE: 3-25-98

Approved by D.C. Parole Board for RELEASE on 4-3-98
from Minimum Facility with special
condition of Pay VVCC
Parole Analyst Mary Jo Williams Full term date 2-22-2007

# ATTACHMENT D

*The Board of Parole*
*of the*
*District of Columbia*

## NOTICE OF BOARD ORDER

Order # 1 of 1

In reference to:

| | |
|---|---|
| DCDC 252-583 | |
| DOB | NAME CRAIG D THOMPSON | SSN | LOCATION D.C. JAIL |
| DOCKET D9904-0073 | CONSIDERATION TYPE N-RAV |

The District of Columbia Board of Parole issues the following **ORDER:**

ISSUE A DETAINER WARRANT BASED ON ALLEGATIONS OF CRIMINAL VIOLATION(S) OF PAROLE

Implementation of this Order shall include the following:
No Special Conditions or Instructions at this time.

Remarks:
ILLEG POSS CONTROL-DANGER SUBSTANCE
ILLEG SOLD CONTROL-DANGER SUBSTANCE
ILLEG POSS CONTROL-DANGER SUBSTANCE
FAILED TO OBEY ALL LAWS
FAILED TO OBEY ALL LAWS

_Margaret Quick_ — *ss*

Chairman
on behalf of the Board of Pa[role]

[ Parole Determination Fi[le]
RUCKER, D

GOVERNMENT
EXHIBIT
D

04/21/1999
Date

Seal

NOA Date 4/26/99 by _C.M.L._



# DIST[illegible]T OF COLUMBIA BOARD [illegible] PAROLE

**WARRANT**

**NUMBER:** P-35147-99

WIN=W0073300

**TO:** *Any Officer of the D.C. Department of Corrections. Any Police Officer or Federal Officer Authorized to Serve Criminal Process*

**RE: NAME :** THOMPSON, CRAIG DEVON
**ALIAS:**

EXECUTED: 6/8/99
FOR INTAKE (COMP. RETURN)

**DISTINGUISHING MARKS:** 111/MPD REPT. PV F.S.
REC. D. 6/8/99

**SENTENCE TYPE:** ADULT

**PAROLE OFFICER:** RUCKER, DANIEL

**LAST KNOWN ADDRESS:**

**SSN#**
**DCDC#** 252-583
**PDID#** 439542
**FBI#** 335729PA2
**DOB:**
**SEX:** MALE
**RACE:** BLACK
**EYES:** BROWN
**HAIR:** BLACK
**HEIGHT:** 5 ft 7 in
**WEIGHT:** 165 lbs
**COMPLEXION:** MEDIUM

**SUBJECT'S LOCATION:** At large______ Confined in___D.C. Jail__________

Whereas the above-named person is under sentence in the District of Columbia for the crime(s) of Possesssion of Unregistered Firearm
and was on the 3rd June, 1998 released on parole from the Minimum Security,
And whereas reliable allegations have been filed with the D.C. Board of Parole that said paroled prisoner has violated the conditions of parole and is therefore deemed to be a fugitive from justice,

*YOU ARE HEREBY COMMANDED TO TAKE SAID PAROLEE, WHEREVER FOUND IN THE UNITED STATES AND RETURN SAID PAROLEE TO THE CUSTODY OF THE DISTRICT OF COLUMBIA DEPARTMENT OF CORRECTIONS.*

***EXCEPT** IF SAID PAROLEE IS ALREADY IN THE CUSTODY OF FEDERAL, STATE OR DISTRICT OF COLUMBIA AUTHORITIES, DO NOT EXECUTE THIS WARRANT. PLACE A DETAINER AND NOTIFY THE D.C. BOARD OF PAROLE. ALSO, IF ANOTHER CRIMINAL WARRANT HAS BEEN ISSUED FOR THIS PAROLEE, EXECUTION OF SUCH CRIMINAL WARRANT SHALL TAKE PRECEDENCE. IMMEDIATELY NOTIFY THE D.C. BOARD OF PAROLE WHEN ITS WARRANT IS EXECUTED.*

*WITNESS my hand and the seal of this Board this 21st day of April, 1999*

A TRUE COPY
TEST
Michael Green
Director, Michael Green
Parole Determination
D.C. Board of Parole

Michael Green
*Member, D.C. Board of Parole*

* ***FYCA case ONLY:*** *This warrant expires at 12:01 a.m. on ________________, 19_____ and the person named MUST NOT be held beyond that time.*

***WARRANT for return of Paroled Prisoner*** THOMPSON, CRAIG D

DCDC No. 252-583 to the Central Detention Facility, Washington, D.C.

EXECUTING OFFICIAL'S RETURN TO THE DISTRICT OF COLUMBIA BORAD OF PAROLE

Washington, District of Col,

Received this writ the 8 day of June, 19 99, and executed same by arresting Paroled Prisoner Thompson, Craig at 1901 "D" St. S.E. this 8 day of June, 19 99, at 11:05 (a.m.)/p.m., and committing him/her to DC Jail

Cpl. Chase
Executing Officer

Further executed same by commitment of the above-named Paroled Prisoner to DC Jail at 1901 "D" St. S.E. on this 8 day of June, 19 99, at 11:05 (a.m.)/pm. the institution designated by the Attorney General, with this copy of the Warrant and the Statement of Alleged Violations attached hereto.

Cpl. Chase
Executing Officer

***NOTE:** One signed copy of this executed warrant is to be returned to the District of Columbia Board of Parole. If an expired warrant for a prisoner sentenced under the Federal Youth Corrections Act (FYCA) is discovered in your files, it should be returned forthwith to the District of Columbia Board of Parole.*

# ATTACHMENT E

GOV_RNMENT OF THE DISTRICT OF C_LUMBIA
PAROLE SUPERVISION SERVICES DIVISION
DISTRICT OF COLUMBIA BOARD OF PAROLE
300 INDIANA AVENUE N.W., SUITE 2134
WASHINGTON, D. C. 20001

URGENT          PSS Form 1-C          URGENT

MEMORANDUM TO: Board Members          DATE: April 28, 1999

FROM:   Daniel Rucker          PAROLE UNIT: YAU
        Parole Officer

SUBJECT: Update to Warrant Issued Under TR. Directive # 001

DATE WARRANT ISSUED: 4-21-99

RE:   THOMPSON, Craig D.          DCDC          PDID
      Name                        252 583        439 542

ADDITIONAL VIOLATIONS:   ☒ Yes   ☐ None

ACTION RECOMMENDED:   ☒ Warrant remain in effect   ☐ OAR

The above named parolee was arrested in Prince William County, Va. on 4-10-99, and charged with PWID Marijuana. The case has been continued to 5-7-99 under c# CT99-01734. He was transferred back to D.C. to answer a warrant issued on 3-15-99 for PWID Cocaine. The case is pending in U.S. District Court under c# 99-167M. Parole Warrant #P351347-99 was issued in response to the arrests. Mr. Thompson is being held at CDF.

Mr. Thompson's residence of record is 5929 E. Capital St. SE, #113 (tel. 581-5594). However, the address he reported to Virginia and District authorities is 911 E. St. NE with his girlfriend Renee Ford. District Court Pre-Trial reports he has lived there for the past seven months. He failed to report this address change to this officer.

Mr. Thompson's employment of record is Regional Health Care Alliance, 2440 M St. NW, Suite 620 (tel. 223-6031). The job was last verified on 2-26-99 by telephone and pay stub.

Mr. Thompson's parole adjustment prior to these arrests was satisfactory. He reported as directed and maintained stable employment. He showed no evidence of substance abuse. However, in view of the aforementioned information, it is the recommendation of this officer that the detainer warrant remain in effect.

Respectfully submitted,
Daniel Rucker
Parole Officer

Approved:
Jeffrey W. Covel
Supervisory Parole Officer
Young Adult Unit

GOVERNMENT EXHIBIT E

**Dis..._t of District of Columbia Board of Parol**
**300 Indiana Ave N.W., Suite 2100**
**Washington DC 20005**

**Statement of Alleged Violations**

**DATE:** 04/28/1999

**NAME:** THOMPSON, CRAIG D

**ALIAS:**

**DISTINGUISHING MARKS:**

**SENTENCE TYPE:** ADULT

**PAROLE OFFICER:** RUCKER, DANIEL

**LAST KNOWN ADDRESS:**

**SUBJECT'S LOCATION:** At large _____ Confined in CDF _____

SSN#
DCDC# 252-583
PDID# 439542
FBI# 3357239PA2
DOB:
SEX: MALE
RACE: BLACK
EYES: BROWN
HAIR: BLACK
HEIGHT: 5 ft 7 in
WEIGHT: 165 lbs
COMPLEXION: MEDIUM

The Parolee above is alleged to have committed the following violation(s) of parole:

1. Mr. Thompson failed to keep his parole officer informed at all times as to his place of residence. He reported his residence to his parole officer as 5929 E. Capital St. SE, #113. However, on 4-16-99, he reported his residence to District Court Pre-Trial as 911 L St. NE. He also reported the 911 L St. NE address to Prince William County, Va. authorities when arrested there on 4-10-99.
(code 0701)

ATTACHMENT F

PDS.210 11/16/94



GOVERNMENT EXHIBIT

**DISTRICT OF COLUMBIA BOARD OF PAROLE**
**PAROLE DETERMINATION RECORD**
**RESCHEDULED HEARING**

Tape _____ at _____

| | | |
|---|---|---|
| RE: | Thompson, Craig | Subject's Name |
| | DCDC# | PDID# |
| | 252-583 | 439-542 |
| BIRTHDATE: _____ | STATUS: ☐ Youth Act   x Adult | |
| LOCATION: Complex | NEW CONSIDERATION DATE: 9-24-99 | |

TYPE OF CONSIDERATION:                New BOP Docket #
H9909-0048

☐ Initial
☐ Reconsideration
☐ Rescission
x Revocation--Warrant
☐ Revocation--Order to Appear
☐ Reparole Consideration
☐ Reparole Reconsideration

ANALYST: Smith                    PREPARED: September 16, 1999

HEARING OFFICIALS: Nelson

SUPERVISION REPRESENTATIVE: Mr. Rucker

ATTORNEY: Nicki Litz

WITNESSES: Crl; Thompson (father) Kim Rudeford (employer) Henseford (Trance)

OTHERS PRESENT: _____

☐ NO DISPOSITION, REASON: _____

☐ Reschedule        ☐ Do Not Reschedule

Tape ____ at ____

**DISTRICT OF COLUMBIA BOARD OF PAROLE**
**PAROLE DETERMINATION RECORD**
**REVOCATION HEARING**

RE: Craig, Thompson — Subject's Name | 252-583 — DCDC# | 439-542 — PDID#

BIRTHDATE: ____ BOP DOCKET #: N9908-0050

LOCATION: Complex CONSIDERATION DATE: 8/24/99

OFFENDER STATUS: ☐ Youth Act ☒ Adult

PAROLE OFFICER: D. Rucker UNIT: ____

☐ Order to Appear--Issued: ____ Served: ____

☐ Warrant--Issued: 4-21-99 Executed: 6/8/99 Served: ____

ANALYST: ____ PREPARED: 7/29/99

HEARING OFFICIALS: Masson

SUPERVISION REPRESENTATIVE: ____

ATTORNEY: ____

WITNESSES: ____

OTHERS PRESENT: ____

☐ HEARING NOT HELD, REASON: ____

☐ Reschedule By ____ ☐ Do Not Reschedule

OFFENSES ON WHICH CURRENT SENTENCE IS BASED: Possession of Unregistered Firearms

PENDING CASES: M161M-99 - PWID Cocaine
I 99017374 Prince Wm Cty PWID - Reckless Driving

POST HEARING QUALITY ASSURANCE

ANALYST: [signature] DATE: 10/13/99

PDS.202 11/16/94 1

RE: Craig, Thompso — 252-5 — 439-542
Subject's Name — DCDC# — PDID#

| | IF NOT REVOKED | IF REVOKED |
|---|---|---|
| FULL TERM DATE: | 2-22-2007 | 4-22-2008 |
| MANDATORY RELEASE DATE: | 12-3-2001 | 12-26-2005 |

DATE ORIGINAL SENTENCE BEGAN: 10-8-92

PAROLE RELEASES THIS SENTENCE: ✓

LAST PAROLE WAS: ☐ Mandatory ☒ Discretionary ☐ Reparole

SPECIAL CONDITIONS:

DETAINERS OR CONSECUTIVE SENTENCES: BOP

FACTS OF NEW CRIMINAL OFFENSES: Reckless Driving & PWID

HO:

ANALYSIS OF CRIMINAL HISTORY, SUBSTANCE ABUSE, MENTAL HEALTH PROBLEMS, AND TREATMENT ATTEMPTS:
1 Prior Gun Conviction, Received Time Served. No Substance Abuse history. Drug Sales since Age 13. No Mental Health Problems or Drug Treatment.

RE: Craig, Thompson — 252-583 — 439-542
Subject's Name — DCDC# — PDID#

HO: ______

PERFORMANCE DURING LAST RELEASE ON PAROLE: Incurred Arrest

HO: ______

PERFORMANCE UNDER ANY PREVIOUS COMMUNITY SUPERVISION: ______

ANALYST'S REMARKS

**SETOFF GUIDELINE RECOMMENDATIONS**

| | |
|---|---|
| Noncriminal Violation | |
| less than 5 yrs remain | within 6 mos. |
| 5 or more years remain | within 6-9 mos. |
| Misdemeanor Charge or Conviction | |
| less than 5 yrs remain | within 6-9 mos. |
| 5 or more years remain | within 9-15 mos. |
| Felony Charge or Conviction | |
| less than 5 yrs remain | within 9-15 mos. |
| 5 or more years remain | within 15-24 mos. |

PDS.202 11/16/94

4

| RE: Craig, Thompson | DCDC# ( ) | PDID# |
|---|---|---|
| Subject's Name ( ) | 252-583 | 439-542 |

NATURE AND NUMBER OF VIOLATIONS ALLEGED

_____ 1.  Failure to report to Supervision immediately upon release.

_____ 2.  Travel without approval from Parole Officer.

_____ 3.  Visit to illegal establishment, including where alcoholic beverages are illegally sold, dispensed, or used.

_____ 4.  Illegal possession, use, sale, or purchase of any narcotic drug, controlled substance, or related paraphernalia, or visit to place where any such item is illegally sold, dispensed, used, or given away.

_____ 5.  Ownership, possession, use, sale, or control of any deadly weapon or firearm.

_____ 6.  Less than diligent efforts to find and maintain legitimate employment; support of self and legal dependents not commensurate with ability.

_____ 7.  Failure to keep Parole Officer informed of place of residence and work, or to notify of loss of employment or change in residence.

_____ 8.  Agreement to act as informer or agent for any law enforcement agency.

_____ 9.  Failure to obey laws, or to report at the earliest opportunity any arrest or other involvement with law enforcement officials.

_____ 10. Failure to cooperate with Board and Supervision, to carry out Parole Officer's instructions, or to report as directed, knowing that such failure may cause re-incarceration by the Board.

_____ 11. Failure to abide by special conditions: _____

_____ TOTAL NUMBER OF ALLEGATIONS

REVIEW OF RIGHTS

Subject was advised of procedural rights and understood them.

☑  Subject elected to proceed with hearing.
☐  Subject requested postponement of hearing.
☐  Subject waived hearing and completed Waiver of Revocation Hearing form.

RE: Craig, Thompson
Subject's Name ( )

DCDC# ( ) 252-583 —    PDID# 439-542

Allegation # 1.: Subject committed a □ noncriminal ☑ criminal
violation of Parole Condition # 01/01 by the following
alleged conduct on or about 948 1998: ☑ Illegally Possessed
a CDS Cocaine

_____

_____

_____

Evidence: □ Police Report □ Field Sheet □ Other:

Case # M167-98    Status: Cut 8-11-98
Dismissed without Prejudice

| Findings of Fact | Evidence |
|---|---|
| Per Police Report of subject's Value Clin ammunition Police had a drug transaction took Place. However the VSBK Report does not have subject placing items in vehicle. No exchange of Drugs for money. More likely than not a transaction will place | Police Report Subject + Pass |

<u>CONCLUSION</u>

☑ Parole Violation Sustained

□ Parole Violation Not Sustained

□ No Finding

RE: Craig, Thompson | 252-583 | 439-542
Subject's Name | DCDC# | PDID#

Allegation # 2 : Subject committed a ☐ noncriminal ☒ criminal violation of Parole Condition # 4/10 by the following alleged conduct on or about 9-18 1998 : Sold CDS Cocaine Arrested for PWID

Evidence: ☐ Police Report ☐ Field Sheet ☐ Other: ______
Case # M167-99 Status: ______

| Findings of Fact | Evidence |
| --- | --- |
| Deny<br>Police recorded conversation and staked out a restaurant when Drug deal took place | Police Report<br>Subject's [illegible] Testimony |

CONCLUSION

☒ Parole Violation Sustained

☐ Parole Violation Not Sustained

☐ No Finding

Case 1:07-cv-00477-RCL Document 12-4 Filed 05/31/2007 Page 23 of 32

RE: Craig, Thompson — Subject's Name

DCDC# 252-583

PDID# 439-542

Allegation # 3 : Subject committed a ☐ noncriminal ☒ criminal violation of Parole Condition # 0901 by the following alleged conduct on or about 4-16 1997: failed to obey all laws PWID Cocaine

Evidence: ☐ Police Report ☐ Field Sheet ☐ Other:

Case # M 167-99 Status:

| Findings of Fact | Evidence |
|---|---|
| Deny. While US Atty dismissed Case, it is more likely than not a drug transaction took place. Atty contends that the "placing of something inside of trunk was not money" | Police Report. Subject's Atty Testimony |

CONCLUSION

☒ Parole Violation Sustained

☐ Parole Violation Not Sustained

☐ No Finding

RE: Craig, Thompson — Subject's Name | 252-583 — DCDC# | 439-542 — PDID#

Allegation # 4 : Subject committed a ☐ noncriminal ☑ criminal violation of Parole Condition # 0402 by the following alleged conduct on or about 4-10 1999: Illegally Possessed to CDS Marijuana in Prince William County

Evidence: ☐ Police Report ☐ Field Sheet ☐ Other:

Case # T99017374 Status:

| Findings of Fact | Evidence |
|---|---|
| Deny<br>Police found drugs in Van of Subject. Subject was the owner of the Van. Subject was out of the jurisdiction without permission | No Police Report<br>Subject + Atty Testimony |

CONCLUSION

☑ Parole Violation Sustained

☐ Parole Violation Not Sustained

☐ No Finding

RE: Craig, Thompson | 252-583 | 439-542
Subject's Name | DCDC# | PDID#

Allegation # 5 : Subject committed a ☐ noncriminal ☒ criminal violation of Parole Condition # 0501 by the following alleged conduct on or about 4-10 1999 : Arrested + Charged with PWID Marijuana + Reckless Driving

Evidence: ☐ Police Report ☐ Field Sheet ☐ Other:

Case # T99017374 Status:

| Findings of Fact | Evidence |
| --- | --- |
| Deon Police noticed Subject Speeding + arrested him for Drug Possession after Drugs were found in his Van | Via Police Report Subject + other Testimony |

CONCLUSION

☒ Parole Violation Sustained

☐ Parole Violation Not Sustained

☐ No Finding

RE: Craig, Thompson — 252-583 — 439-542
Subject's Name — DCDC# — PDID#

Allegation # 6 : Subject committed a ☒ noncriminal ☐ criminal violation of Parole Condition # 0701 by the following alleged conduct on or about 4-16 1999: Failed to keep his Parole Officer informed at all times as to his place of residence

Evidence: ☐ Police Report ☐ Field Sheet ☐ Other: ____

Case # ____ Status: ____

| Findings of Fact | Evidence |
|---|---|
| Deny<br>D.A not keep his PO informed of Residence<br>Moved + informed PO later | Field Sheets<br>Subject + Witness Testimony |

CONCLUSION

☒ Parole Violation Sustained

☐ Parole Violation Not Sustained

☐ No Finding

RE: Craig, Thompson
Subject's Name

252-583
DCDC#

439-542
PDID#

MITIGATING FACTORS:

AGGRAVATING FACTORS:

OTHER CONSIDERATIONS:

Parole Plan Information:

RE: Craig, Thompson — Subject's Name

252-583 — DCDC#

439-542 — PDID#

HEARING OFFICIAL'S CONCLUSION

Violations Sustained:

# ________ ☐ Noncriminal ☐ Misdemeanor ☐ Felony

# ________ ☐ Noncriminal ☐ Misdemeanor ☐ Felony

# ________ ☐ Noncriminal ☐ Misdemeanor ☐ Felony

# ________ ☐ Noncriminal ☐ Misdemeanor ☐ Felony

# ________ ☐ Noncriminal ☐ Misdemeanor ☐ Felony

Other: ________

Is Revocation Appropriate? ☑ Yes ☐ No

Is Reincaration Appropriate? ☐ Yes ☐ No

If Continued, is incarceration pending continuation appropriate?

☐ Yes ☐ No

Comments: The Evidence is very strong in both Criminal Cases. While subject has stable community support + Employment, his criminal activities outweigh Repatriating him to the Community.

| RE: Craig, Thompson | DCDC# | PDID# |
|---|---|---|
| Subject's Name ( | 252-583 | 439-542 |

## HEARING OFFICIAL'S RECOMMENDATION

DISPOSITION:

Revoke Parole for CNC Viol... Non Rec... 3-8-00

Disposition Codes: RV - 01 - 71

SPECIAL INSTRUCTIONS/CONDITIONS:
Code: 15    Cca (A)
Code:
Others:

Disposition is Inside Guidelines     ☐ Yes    ☐ NO
Setoff is Inside Guidelines          ☐ Yes    ☐ NO

COUNTERVAILING FACTOR CODES:

STAFF FOLLOW UP ACTIONS:

BY: Hearing Official            DATE: 6/24/99

CONCURRENCE: Based on examination of the relevant information in this case, the Board concurs with the disposition recommended by the Hearing Official, and hereby orders the issuance of the appropriate implementing documents.

Board Member: _____    Date: 9/30/99
Board Member: Michael Allen    Date: 10-1-99
Board Member: _____    Date: _____

NONCONCURRENCE--See Attached Form BOP.902

☐ Margaret Quick    ☐ Polly Nelson    ☐ Michael Green



# ATTACHMENT G

# *The Board of Parole*
## *of the*
# *District of Columbia*

## NOTICE OF BOARD ORDER

Order # 1 of 1

In reference to:

**DCDC**     **NAME**   CRAIG D THOMPSON

**DOB**   ,    **SSN**    **LOCATION**   COMPLEX

**DOCKET** H9909-0048     **CONSIDERATION TYPE**   H:REVOCATION

The District of Columbia Board of Parole issues the following **ORDER:**

REVOKE PAROLE FOR CRIMINAL AND NONCRIMINAL VIOLATIONS;
CONSIDER FOR REPAROLE BY 03/08/2000

Implementation of this Order shall include the following:
Special Instructions for Reconsideration

PROGRAM PARTICIPATION

Remarks:

ILLEG POSS CONTROL-DANGER SUBSTANCE
ILLEG SOLD CONTROL-DANGER SUBSTANCE
FAILED TO OBEY ALL LAWS
ILLEG POSS CONTROL-DANGER SUBSTANCE
FAILED TO OBEY ALL LAWS
FAILED TO KEEP PO INFORMED/RESID

10/01/1999
Date

[ Parole Determination]
RUCKER, D

Chairman
on behalf of the Board of P

1

NOA Date   10/15/99   by

Seal



GOVERNMENT EXHIBIT 5

ATTACHMENT H

(REV-S)

# D.C. REVOCATION REHEARING HEARING SUMMARY
## (ADULT REVOCATION HEARING PRIOR TO 8/5/2000).

**Original Offense of Conviction - Possession of Unregistered Firearm**

**Violation Offense Behavior - Distribution of Drugs, Possession of Marijuana With Intent to Distribute and Administrative**

| | | | |
|---|---|---|---|
| **Name:** | THOMPSON, Craig | **Institution:** | Youngstown |
| **Reg No:** | :00252-583 | | |
| **Date of Birth:** | /:/ | | |
| **Date Dictated:** 3-22-2000 | | **Projected MR Date:** 12-26-2005 | |

**Full Term Date:** 4-27-2008

*(handwritten: 2-27-2012, 10-26-09)*

**Fines/Restitution/Court Assessment:** Yes

**Reviewer:** Kenneth Walker

### I.  PREVIOUS COMMISSION ACTION:

By DC Parole Board order dated 1-1999, subject had his parole revoked for criminal and noncriminal violations. He was scheduled for a rehearing in March 2002. Subject was instructed to participate in programming.

Please refer to a prereview dated 2-11-2000.

### II.  REVIEW OF CHARGES:

Charge No. 1 - Law Violation:  Distribution of Cocaine.

According to various government documents, subject spoke to a confidential informant via the telephone, which was recorded, about the purchase of approximately 62 grams of crack cocaine. The subject was to meet the confidential informant in the Southwest section of Washington, DC. On 9-18-1998, it is indicated that a telephone conversation was recorded and arrangements were made for the subject to meet the confidential informant at a fast food restaurant in Southeast. It is indicated that the subject exchanged 59.3 grams of cocaine to the confidential informant in exchange for $1850. It is indicated that the surveillance team observed the subject entering and exiting the fast food restaurant. It is reflected that the transaction was not recorded but they captured an audio and video tape of the conversation. It is indicated that after the subject left the restaurant he entered a BMW and placed something inside the trunk. It is reported that the subject's fingerprint was found on the plastic cup which contained crack cocaine.

It is indicated that this case was dismissed in the U.S. District Court, Washington

THOMPSON, 252                                                     Pa

GOVERNMENT
EXHIBIT
H

(REV-S)

1999 with prejudice.

Mr. Thompson denied this charge noting that the government's confidential informant was the uncle of his friend and apparently the confidential informant had gotten himself in some difficulty and was attempting to find someone for a scapegoat. Subject noted that he was never even aware that a warrant was issued for his arrest concerning the distribution of crack cocaine until he was arrested by the Prince William County Police on 4-13-1999. He noted that the police officer stopped him for driving past the speed limit and once they checked the computer, they then indicated that a warrant had been issued for his arrest by the U.S. Marshals in Washington, DC. Eventually he was able to find out that through his attorney that the government was attempting to use him as an informant in order to provide information concerning illegal activities that others were involved in and the subject noted that he was unaware of any type of activities that were going on and did not have any information to give to the officials. He claimed that the government officials then indicated that he wanted to "play hard ball."

He noted that the government had to present their charges on four separate occasions and during the discovery it was found out that he was not recorded in the video as the government initially reported. He did indicate that his voice was recorded on the audio but there was a clear explanation for this. He noted that when he entered the restaurant on this particular date, his friend's uncle, whom he later found out was the government's informant, was in the restaurant and although he didn't know that well, he knew him well enough in order to speak to him, in which he did do. Mr. Thompson noted that once he found out that it was his friend's uncle who was the government's informant, his friend told him that he should go over to his house to speak to his uncle but he indicated that he couldn't do that because he didn't know his uncle that well.

Mr. Thompson explained that as a result of the charges, he went to trial on the second day of the trial and the government stated in open court that they wanted to dismiss all the charges and as a result the court dismissed the charges on 8-12-1999 with prejudice. The inmate was asked why the government decided to request the court to dismiss the charges and he responded that he did not know.

When the inmate was asked about the statement that was reflected on a memorandum dated 8-19-1999 that was submitted to Mr. Ellis Kibler, the Director of Parole Supervision Services in which they indicated that the case was dismissed for internal office reasons and that this had nothing to do with the merits of the case, he indicated that he did not know exactly what the government meant by that statement.

Inmate Thompson noted that on 9-24-1999, he appeared before the DC Parole Board and had his revocation hearing noting that there were various witnesses present, which included his father and his attorney, and that they were not given very much opportunity to make any statements on his behalf. He noted that they gave him such a short set off date after the hearing because he has been on supervision for approximately 2 years, was working two jobs and was making a good adjustment.

(REV-S)

Furthermore, the inmates explained that the case itself was not very strong noting that after the government claimed that he had placed something in his vehicle after he had left the restaurant, they never searched his vehicle to support that he had placed something in the trunk after the alleged meeting with the confidential informant.

The inmate was asked if the BMW belonged to him and he indicated that, yes it was a 1992 BMW that he had purchased shortly after his parole in April of 1998. He noted that he was earning approximately $1400 a month working at the Columbia Hospital and that he was paying approximately $423.64 per month for the vehicle. The subject showed the examiner a copy of his payment book from the First Union which reflected that he had made a total of four payments and that his last payment was in February of 1999. He noted that in March of 1999 he purchased a used Blazer noting that he had become involved in an accident with the BMW which was totaled. So he was able to pay off the balance of his loan with First Union. According to the payment book, subject's loan payments would have expired in January 2002. First payment on this car was made on July 30, 1998 and the subject purchased the vehicle in June of 1998.

The examiner, based on the preponderance of the evidence standard, believes that the subject was more likely involved in this crime than not. Reasons for this conclusion is the fact that officials noted that there was a recorded conversation with the subject and the confidential informant and that they agreed to meet at a restaurant on a specific date and this meeting did take place. The subject claimed that it was just by chance that he met at the restaurant the same date that the confidential informant was there and that he did not have an extensive conversation with the confidential informant noting that he only basically greeted the confidential informant.

The examiner is not sure as to why the government requested that the case be dismissed in which it was dismissed with prejudice.

Charge No. 2 - Criminal Conduct:  Possession With Intent to Distribute Marijuana and Reckless Driving.

On 4-13-1999, subject was stopped in Prince William County, Virginia for driving in excess of the speed limit. After the state trooper checked the NCIC, it was discovered that the subject had an outstanding warrant in the District of Columbia and was placed under arrest. A search of the vehicle revealed a quantity of marijuana and approximately 75 small ziploc bags. Subject was charged with possession with intent to distribute marijuana in Case No. T9901375 and 9901374.

Mr. Thompson denied the possession with intent to distribute marijuana and the reckless driving charge. Subject provided a copy of a court document from Prince William County which reflected that on 10-12-1999 the reckless driving and the possession with intent to distribute marijuana charges were dismissed. The inmate explained that when he was driving, there was a passenger in the vehicle and after the police officers arrested him, the passenger then was to take his vehicle home. He indicated that he was unaware of any marijuana in the vehicle.

THOMPSON.252                                                                                          Page 3 of 6

(REV-S)

noting that he had purchased the vehicle in March of 1999 after he was involved in an accident with his BMW.

Mr. Thompson noted that he believed the cases were dismissed in Prince William County because the passenger who was in the vehicle was unable to drive the vehicle away because his license had been suspended and at that point his vehicle was seized. It is indicated that he was advised by the passenger that officials did not find any illegal substance in his car.

Inmate Thompson was asked why he believes that the Parole Board made a finding on this and he indicated that the hearing officer appeared to be very short in patience and did not want to hear any detailed explanations. Mr. Thompson indicated that he sent Michael Green, Director, several letters which Inmate Thompson provided (items 5 ?) which he requested that Mr. Green look into his situation.

Although it is indicated that the DC Parole Board made a finding in this case, the examiner doesn't believe that there was sufficient information to support a finding concerning this particular charge. Prince William County Police Report was not available in the packet and the only information about this particular arrest was reflected in a statement submitted by the Assistant U.S. Attorney Marion Borum.

Charge No. 3 - Administrative Violation (Failure to Report Change in Residence).

It is indicated that subject changed his residence on 4-16-1999 and failed to advise his PO.

Mr. Thompson denied this charge, however, explaining that his mother did not move from the previous location at 911 L Street, Northeast, to another residence several blocks away. He did indicate that when he signed on a chart, he did indicate that his PO apparently never saw this statement. Subject noted that the fact that although his mother did move to another location, he never lost contact with his PO. He noted that his PO testified to this fact at the time that he had his DC revocation hearing.

The examiner made a finding concerning this noting that although the subject may have maintained contact with his PO, it is obvious by the PO's report that the subject did not advise him of his change of residence as required.

III.    INSTITUTIONAL ADJUSTMENT AND RELEASE PLANS:

Since the subject has been returned to custody, in which he reports that he has been in custody since his arrest by the Prince William County police on 4-13-1999, his adjustment has been satisfactory. Subject has not incurred any disciplinary reports and based on a progress report dated 3-1-2000, the subject is considered an outstanding student. Subject has been involved in a vocational training program (residential wiring) and has received excellent work evaluations. Subject entered this program in January 2000 and will complete it on 4-20-2000. In addition, the subject has completed the ETAP program and has been involved in NA and AA group sessions. In addition, on 9-19-1999, the subject received a certificate for completing a Bible

THOMPSON, 252                                   Page 4 of 6

(REV-S)

Study course.

Upon the subject's release, he indicated that he is an experienced barber and has prospective employment with the Aspen Beauty Academy located in Silver Spring, MD.

## IV.   SALIENT FACTOR SCORE:

A  =  1    Subject has 2 or more prior conviction(s).

9-15-91: Concealed Deadly Weapon - Time served more than 30 days.

12-18-91: Possession of a Firearm During a Crime of Violence (base offense) - 5- 15 yrs; paroled 6-3-98.

**NOTE:** The subject indicated that he was paroled on 4-10-1998, not June of 1998. In addition, subject indicated that he did not serve 30 days on the conviction of September of 1991 noting that it was only for several days.

B  =  1    Subject has 2 prior commitments of more than 30 days that were imposed prior to the last overt act of the current offense (see dispositions listed above).

**NOTE:** The presentence report indicated that subject was given time served but did not specify the number of days. The Reviewer should check his file to see if there is a FBI rap sheet or other documentation reflecting the disposition of the 9-1991 conviction.

C  =  3    Subject was 23 years old at the commencement of the violation behavior.  Subject has 2 prior commitments.

D  =  0    Subject was last released from a countable commitment less than three years prior to the current violation behavior.  Date of last release: 4-1998

E  =  0    Subject is a parole status violator.

F  =  0    Subject was not 41 years of age or more at the commencement of the current offense.

5    **TOTAL SCORE**

## V.   RISK:

Based on the instant offense, it appears that the subject can be considered a more serious risk than reflected by the 5 SFS. This is based on the fact that the subject's two convictions involve possession of weapons and the conviction in December 1991 involved the subject entering a residence and pointing a weapon at two adults and one child.

THOMPSON.252                                                                    Page 5 of 6

(REV-S)

## VI. EVALUATION:

The Parole Violation Behavior is rated as Category Five severity because it involved possession with intent to distribute between 10-100 grams of free based (crack cocaine) and administrative violations. The reparole guideline range is 48-60 months.

The subject claims to have been in continuous custody since his arrest on 4-10-1998. The examiner did not see anything in the file to support the last day he was in the community. The warrant in this case was not executed until 6-8-1999. The examiner believes that there is sufficient evidence to support the most severe finding, that is the subject's initial arrest for distribution of cocaine. Even though this case was eventually dismissed with prejudice in the U.S. District Court in Washington, DC, based on information submitted by the U.S. Attorney's office, subject's conversation was recorded with the confidential informant to arrange the purchase of 50 + grams of crack cocaine. In addition, the subject made arrangements with the confidential informant to meet at a restaurant and the meeting did take place as arranged. The examiner is unsure as to why the government dismissed the case but it may have been because there are a number of different dates reflected as to when the crime took place. Some documents reflected that the crime took place in April of 1998 and another reflected in September of 1998.

Inmate Thompson is approximately 25 years of age and appears to be an individual that has a great deal of potential if he decides to fulfill his potential.

The main issue in this case is how much time the subject should remain in custody on this particular violation. Subject was in the community for only a short period of time after his release before becoming involved in new criminal conduct which reflects that he did not learn from his previous time in custody. The examiner believes that between the middle and top of the guidelines is warranted before further consideration for parole. Subject has a short term date on 12-26-2005 and a Full Term Date on 4-27-2008.

## VII. RECOMMENDATION:

Continue to a presumptive parole after the service of 52 months (10-10-2003) with the highest level of supervision and with placement in a CCC for up to 60 days prior to the parole date. In addition, you shall be subject to urine surveillance.

NOTE: The subject should have a rehearing in two years (March 2002).

## VIII.REASONS:

CLW
March 29, 200

(REV-S)

Addendum by Shoquist prepared April 14, 2000

A copy of the complaint concerning the April 10, 1999 marijuana case is the file and I believe by the preponderance of the evidence that subject was in constructive possession of these drugs. This does not change the overall guideline range of 48-60 months which is based on the September 18, 1998 case. However, based on his prior conviction history, the fact that he was just paroled in April 1998 and was already back into new criminal conduct within 5 months, a decision at the very top of the guidelines is warranted

Recommendation:

Continue to a presumptive parole after the service of 60 months June 7, 2004 with the special drug aftercare condition and with the highest level of supervision and with placement in a CCC for up to 90 days prior to release on parole recommended.

# ATTACHMENT I

U.S. Department of Justice
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland 20815-7201

**Notice of Action**

---

**Name: THOMPSON, Craig**    Institution: Youngstown Facility

**Register Number: 00252+583**    DCDC No.: 252-583

---

In the case of the above-named, the following parole action was ordered:

Continue to a presumptive parole after the service of 60 months (June 7, 2004)
with placement in a CCC for up to 120 prior to release on parole recommended
with the highest level of supervision. In addition, you shall be subject to the
Special Drug Aftercare Condition which requires that you participate as
instructed by your Supervision Officer in a program (inpatient or outpatient)
approved by the D.C. Court Services and Offender Supervision Agency for the
treatment of narcotic addiction or drug dependency, which may include testing
and examination to determine if you have reverted to the use of drugs. You
shall also abstain from the use of alcohol and/or all other intoxicants during
and after the course of treatment.

A presumptive parole date is conditioned upon your maintaining good
institutional conduct and the development of a suitable release plan. Prior to
release, your case will be subject to review to ascertain that these conditions
have been fulfilled. **NOTE:** Pursuant to 28 C.F.R. §2.14-03, the Commission has
issued a presumptive parole date. Prior to the presumptive parole date, a
pre-release record review up to 9 months prior to the presumptive parole date.
In order to complete this review, the Case Manager should submit an updated
Progress Report to the Commission 10 months prior to the presumptive parole
date. If there have been Disciplinary Reports since the Commission's last
review, they should be attached to the Progress Report for the Commission's
consideration. If the Commission has requested that a current psychological or
psychiatric report be prepared for this review, it also should be attached.

**REASONS:**

Your parole violation behavior is rated as Category Five severity because it
involved distribution of between 10-100 grams of crack cocaine and lesser
offenses. Your salient factor score (SFS-98) is 5. You have been in
confinement as a result of your behavior for a total of 9 months as of March 8,
2000. Guidelines established by the Commission for revocation behavior indicate
a customary range of 48-60 months to be served for cases with a good
institutional adjustment and program achievement. After review of all relevant
factors and information presented, a decision outside the guidelines at this
consideration is not found warranted.

As required by law you have been scheduled for a rehearing during March 2002.

THE ABOVE DECISION IS NOT APPEALABLE.



Date: April 19, 2000    Clerk: vah/DH

**Page 1 of 3**

THOMPSON.252

**Date: April 19, 2000**

Clerk: vah

Copies of this Notice are sent to your institution and to your Supervision Officer. In certain cases, copies may also be sent to the sentencing court. You are responsible for advising any others you wish to notify.

See the attached sheet for your individual item points and explanation for the Salient Factor Score.

cc:     D.C. Court Services & Offender Supervision Agency
        300 Indiana Avenue, N.W.
        Suite 2134
        Washington, D.C. 20001

**Date: April 19, 2000**                                                    Clerk: vah

**Page 3 of 3**                                                    THOMPSON.252

| Your Pts | Item | Item Explanation | SALIENT FACTOR SCORE |
|---|---|---|---|

**1**  · · · · **A - Prior convictions/adjudications (adult or juvenile)**
None = 3; One or three = 1; Two or more = 0

**1**  · · · · **B - Prior commitments of more than thirty days (adult or juvenile)**
None = 2; One or two = 1; Three or more = 0

**3**  · · · · **C - Age at commencement of the current offense/prior commitments of more than thirty days (adult or juvenile)**

| Points For SFS Item C | | | |
|---|---|---|---|
| Age | Prior Commitments | | |
| | 0-3 | 4 | 5+ |
| 26 & Up | 3 | 2 | 1 |
| 22-25 | 2 | 1 | 0 |
| 20-21 | 1 | 0 | 0 |
| 0-19 | 0 | 0 | 0 |

**0**  · · · · **D - Recent commitment free period (three years)**
No prior commitment of more than thirty days (adult or juvenile), or released to the community from last such commitment at least three years prior to the commencement of the current offense = 1; Otherwise = 0

**0**  · · · · **E - Probation/parole/confinement/escape status violator this time**
Neither on probation, parole, confinement, or escape status at the time of the current offense; nor committed as a probation, parole, confinement or escape status violator this time = 1; Otherwise = 0

**0**  · · · · **F - Older offenders**
If the offender was 41 years or more at the commencement of the current offense (and the total score from Items A-E above is 9 or less) = 1; Otherwise = 0

# ATTACHMENT J

USPC     8/2/2004   9:04   PAGE 1/4   Fax Server



# Memorandum

| Subject | Date |
| --- | --- |
| PAROLE CERTIFICATE | June 2, 2004 |
| Thompson, Craig | |
| Reg. No. 11220-007 | |
| DCDC No. 252-583 | |

| To | From |
| --- | --- |
| Case Manager | Jamil L. Kelley |
| Community Care Center | Case Analyst |
| 3301 16th Street, N.W. | D.C. Parole Commission |
| Washington, D.C. 20010 | |

Attached is the Parole Certificate for the above-named. Please execute the Certificate, make a copy for the inmate, a copy for your file, and return the executed original to the Commission at the following address:

3650 Freedaline Boulevard
Suite 420
Chevy Chase, MD 20815-7286

If you have any questions, please contact this officer at (301) 492-5821. Thank you for your continued cooperation.

Attachment

cc: Sharon Barnes-Dupkin, SCSA
    CSS Data Management Group
    D.C. Court Services & Offender
    Supervision Agency
    300 Indiana Avenue, N.W., Suite 2149
    Washington, D.C. 20001

    Baltimore CCM
    Federal Bureau of Prisons
    10010 Junction Drive
    Suite 101-N
    Annapolis Junction, MD 20701

JLK



GOVERNMENT EXHIBIT 7

Queued: 06-02-2004 14:34:23 BOP-Community Care Center | BOP-Baltimore CCM |

JAN-24-2004 15:47   TO: ISPO CHEVY CHASE   FROM: OMMUNITY CARE CENTER 20084270S1   P.4/5

**U.S. Department of Justice**
**United States Parole Commission**

**CERTIFICATE OF PAROLE**
**District of Columbia Offender**

Having determined that (1) **Thompson, Craig**, Register No. **11220-007**, (DCDC No. **252-583**) (the "inmate") is eligible for parole; (2) there is a reasonable probability that the inmate will live and remain at liberty without violating the law; and (3) the inmate's release is not incompatible with the welfare of society, the United States Parole Commission (the "Commission") ORDERS that the inmate be paroled on **June 7, 2004** and remain under parole supervision through **March 10, 2008**. The conditions listed in this certificate apply during the inmate's parole supervision.

Given under the hand and the seal of the Commission on June 2, 2004.

**UNITED STATES PAROLE COMMISSION**

Jo Ann L Kelley

By: Joann L. Kelley, Case Analyst

Docket/Case Number: F468-92H
[SFS] 5

**Acknowledgement of Release Conditions**

I have read, or had read to me, the conditions that are listed on this CERTIFICATE OF PAROLE. I have received a copy of this CERTIFICATE OF PAROLE. I fully understand the conditions that have been imposed upon me and know that if I violate any of those conditions I may be sent back to prison.

**Consent to the Disclosure of Drug/Alcohol Treatment Information**

By signing this CERTIFICATE OF PAROLE, I consent to unrestricted communication between any facility administering a drug or alcohol treatment program in which I am or will be participating, on the one hand, and the Commission and the office responsible for supervising me, on the other hand. I consent to disclosure by such facility to the Commission and the office responsible for supervising me of any information requested related to my supervision, and the disclosure by the Commission and the office supervising me to any agency that requires such information for the performance of an official duty. This consent is irrevocable until the end of parole supervision.

C.D.T. 252 583 / 11220-007
Name DCDC No.

Witnessed: Ivon E. Suggs P/C.a. 06/07/04
Name and Title Date

The above-named inmate was released on the 7th day of June, 2004 with a total of _____ days remaining to be served.

[signature]
Official Certifying Release

Queued: 06-02-2004 14:34:23 BOP-Community Care Center | BOP-Baltimore CCM |

# ATTACHMENT K

TRM

# Alleged Violation(s) Report

US PAR 5/17/2006

| | | | |
|---|---|---|---|
| **To:** | Jackson Deirdre<br>The United States Parole Commission<br>5550 Friendship Boulevard<br>Chevy Chase, MD 20815 | | |
| **From:** | Amone Banks<br>Community Supervision Officer | **Unit:** | Branch IIA, General Supervision<br>General Supervision - Team 17 |
| | | **Telephone:** | |
| **Please send all inquiries to:** | 25 K ST<br>WASHINGTON, DC | **Fax:** | |
| | | **Email:** | amone.banks@csosa.gov |
| **Subject:** | Non-Compliance with Parole | | |
| **Docket:** | | | |
| **Offender:** | Craig D Thompson | | |
| **Address:** | | | |
| **FEDREG #:** | 11220-007 | | |
| **FBI #:** | 335729PA2 | | |
| **DCDC #:** | 252-583 | | |
| **PDID #:** | 439-542 | | |

**Action Recommended:** Warrant

GOVERNMENT EXHIBIT K

**Sentencing Information:**

On 10-8-92, Mr. Craig Thompson was sentenced to no less then 5 years and more then 15 years for possession of Firearm During a Crime of Violence. He was released on parole on 6-7-06 and his parole is expected to expire on 3-10-08

**Violations:**

Allegation #-1 Failed to obey all laws

*Attempted Murder*
*(Supporting evidence)*
*Police report*

**Case Summary:**

Mr. Thompson was placed under this officer's supervision on 1-10-06. While under this officer's supervision, Mr. Thompson has kept a current address of 911 L St. NE Washington DC 20002, and is currently employed with Connex Transit, 2100 Huntington Ave; Springfield VA. While under this officer's supervision, Mr. Thompson has not tested positive for any illegal drugs.

On 5-18-06, this officer received a phone call for the US Marshall Doyle (Marshall Doyle). He stated that Mr. Thompson was wanted for Attempted Murder in Prince George County, Maryland. This officer conduct a WALE and NCIC check and it revealed that Mr. Thompson has an outstanding warrant in Prince George County, Maryland

**Recommendation:**

Warrant

Respectfully Submitted,

Signature: Amone Banks, CSO

Date 5-23-06

Approved By:

Signature: Connie Carell, SCSO

5-23-06

ATTACHMENT L

# W A R R A N T

## D.C. Code Offender

**U.S. Department of Justice**
United States Parole Commission

---

**To the U.S. Marshal or Any Federal or District of Columbia Officer Authorized to Serve Criminal Process Within the United States:**

---

WHEREAS, Thompson, Craig, Reg. No. 11220-007, DCDC No. 252-583, was sentenced by the Superior Court of the District of Columbia or the United States District Court to serve a sentence of 15 years (Original): 3247 days (PV Term) for the crime of Possession of a Firearm During a Crime of Violence and was on June 7, 2004 released on parole from District of Columbia CCM with 1372 days remaining to be served;

AND, WHEREAS, reliable information has been presented to the undersigned Member of this Commission that said released prisoner named in this warrant has violated one or more conditions of his release;

NOW, THEREFORE, this is to command you by the authority of §§24-205, 24-131, and 24-133 of the District of Columbia Code, to execute this warrant by taking the above-named, wherever found in the United States, and hold him in your custody either until he is released by order of the Parole Commission, or until you are authorized to transport him for further custody.

WITNESS my hand and the seal on June 5, 2006

Annie Justice
U.S. Parole Commissioner

GOVERNMENT
EXHIBIT
7

Thompson, Craig
Reg. No. 11220-007     DCDC No. 252-583

**WARRANT For Return Of Prisoner Released To Supervision**

| Name:    Thompson, Craig | Institution: | Reg. No. 11220-007 |
|---|---|---|
| DCDC No.  252-583 | District of Columbia CCM | |

**UNITED STATES MARSHAL'S RETURN TO UNITED STATES PAROLE COMMISSION**

NOTE:  Do not execute this warrant if the subject is being held in custody on other federal, state or local charges, unless otherwise ordered by the Commission.  (See instructions on accompanying memorandum.)

Received this writ the _____ day of _____, 20____, and executed same by arresting the within-named _____ Craig A Thompson _____ this ___4th___ day of _____, of _____ 20____ at _____ 10am _____ and committing him to _____

_George Walsh_
_U.S. Marshal_

_William Maresh_
_Deputy Marshal_

Further executed same by committing him to _____

at _____ on _____ 20____ the institution

designated by the Attorney General, with the copy of the warrant and warrant application.

_____
_U.S. Marshal_

_____
_Deputy Marshal_

NOTE:  The original of this warrant is to be returned to the U.S. Parole Commission, 5550 Friendship Boulevard, Chevy Chase, Maryland 20815.

**ACKNOWLEDGEMENT OF SERVICE:**

I have received a copy of the warrant application dated _June 6, 2006_

_Craig Thompson_ _____
Prisoner's Signature         Date

(If prisoner refuses to sign, Marshal should so indicate.)

Thompson, Craig
Reg. No. 11220-007    DCDC No. 252-583

ATTACHMENT M

Thompson, Craig
Reg. No. 11220-007   DCDC No. 252-583     13 7



GOVERNMENT EXHIBIT

# D.C. PROBABLE CAUSE HEARING DIGEST

| | |
|---|---|
| Name ............................. : **Thompson, Craig** | |
| Reg. No. ........................ : **11220-007** | |
| Type of Release: ............. **Parole** | Full Term Date When Warrant Issued.: **March 10, 2008** |
| Hearing Date ............ : **8-11-08** | Date Warrant Executed.: **8-7-08** |
| Examiner ..................... : [signature] | Supervision Officer: **Amone Banks** |

**Attorney at Probable Cause Hearing:**

[X] PDS    [ ] Other    [ ] None

Name _____
Address _____
Phone _____

**Attorney Representing Subject at Revocation Hearing:**

[X] PDS    [ ] Other    [ ] Unknown

Name _____
Address _____
Phone _____

**I. Items Advised** *(Check that the subject has been advised of the following two rights):*

[X] Advised of Right to a Probable Cause Hearing    [ ] Advised of Right to Attorney

**II. Reason For Not Conducting Probable Cause Hearing**

*{If Probable Cause Hearing not conducted, indicate the reason:}*

[ ] Postponed to Next Docket *{If so, provide reason for postponement and omit rest of form.}*

[ ] At Request of Attorney/Prisoner    [ ] Prisoner Unavailable

[ ] Other Reason: _____

[ ] Combined Probable Cause/Revocation Scheduled *{If so, skip to VI, Revocation Hearing.}*

## III. Review of Charges:

Charge No. 1 - Law Violation          [ ] ADMITS     [✓] DENIES

The Subject's Response: *(handwritten) Attempted Murder; 1) Assault with a Dangerous Weapon) (felon in possessing a firearm)*

*(handwritten signature)*

finding:

[ ] **Probable Cause Found.** After considering the violation report dated 5/17/2006, and the subject's response to the charge at this hearing, the evidence supporting the charge is sufficiently specific and credible for the existence of probable cause for Charge No. 1. Additional reasons for probable cause

_____

_____

_____

[ ] **No Probable Cause Found**

_____

## IV. Additional Charges:

_____

_____

_____

_____

## V. Outcome of Probable Cause Hearing:

[✓] **Probable Cause Found** on one or more charges, **Hold in Custody** pending revocation hearing.

[ ] **No Probable Cause Found** for any charge. **Discharge from Custody** immediately and

[ ] **Reinstate** to Supervision  or  [ ] **Close Case** *(if expiration date has passed)*

Thompson, Craig
Reg. No. 11220-007     DCDC No. 252-583

[ ] **Probable Cause Found** on one or more charges.  Recommend **Reinstate to Supervision** and

[ ] **Summon** to revocation hearing or   [ ] **Terminate** revocation proceedings

Reason for Release/Summons:
_____

_____

## VI. Principal Adverse Witnesses Identified by the Commission:

Note to Subject: This is the time to request the attendance of an adverse witness (including an adverse witness identified by the Commission or an examiner on this form).  Your failure to make a request for the attendance of any adverse witness is a waiver of your opportunity to confront and cross-examine that witness at a revocation hearing.

Supervision Officer
Name: Community Supervision Officer Amone Banks
Status: __X__ Approved   _____ Not Approved   _____ Pending Further Review

Name: Detective H. Darden, Badge No. 2171
Status: __X__ Approved   _____ Not Approved   _____ Pending Further Review

Name: Chris Washington (Victim)
Status: __X__ Approved   _____ Not Approved   _____ Pending Further Review

## VII. Adverse Witnesses Requested by Subject:

Name: *Same witness that the USO*
Address: *Attends to help in at the hearing*
Phone No. _____
Status:  [ ] Denied at PC Hearing   [ ] Approved at PC Hearing   [ ] Pending Further Review
Reason for Denial: _____

Name: _____
Address: _____
Phone No. _____

Thompson, Craig
Reg. No. 11220-007   DCDC No. 252-583

Status: [ ] Denied at PC Hearing [ ] Approved at PC Hearing [ ] Pending Further Review

Reason for Denial:______________________________

Name:______________________________

Address:______________________________

Phone No.______________________________

Status: [ ] Denied at PC Hearing [ ] Approved at PC Hearing [ ] Pending Further Review

Reason for Denial:______________________________

## VIII. Adverse Witnesses Identified by Examiner But Not Requested by Subject:

Name:______________________________

Address:______________________________

Phone No.______________________________

Reason for Denial:______________________________

Name:______________________________

Address:______________________________

Phone No.______________________________

Reason for Denial:______________________________

## IX. Revocation Hearing:

[X] Local Revocation or [ ] Combined Probable Cause/Local Revocation on

Location: [X] CTF [ ] DC Jail Date: 10-11-06 PM Time: [X] am [ ] pm PM

[ ] Other at ______________________________

______________________________

[ ] Recommend institutional revocation hearing upon transfer to a federal institution.

**Note: A continuance must be requested in writing. You may submit your requests via e-mail. E-Mail Address: continue.hearing@usdoj.gov**

U Haskell — 8/15/06

*Attorney/Prisoner* — *Date*

*Additional Text:*

[signature] — 8/15/06

*Examiner* — *Date*

**Disclosure Documents:** Warrant dated 5/31/2006, Warrant Application dated 5/31/2006, Violation Report dated 5/17/2006 with attachments, Parole Certificate dated 6/2/2004, Pre-Sentence Report

**I acknowledge having received the above disclosure documents and a copy of this document.**

U Haskell — 8/15/06

*Attorney/Prisoner* — *Date*

**Thompson, Craig**
**Reg. No. 11220-007 DCDC No. 252-583**

ATTACHMENT N

# Memorandum

| Subject | Date |
|---|---|
| **Thompson, Craig**<br>**Reg. No. 11220-007** | December 14, 2006 |

| To | From |
|---|---|
| U.S. Parole Commission<br>Commissioner | *Marc Bransky*<br>Deputy Case Services Administrator<br>U.S. Parole Commission |

**Summary:** The subject is in service of a 15 year sentence (3247 days PV Term) for Possession of Firearm during a Crime of Violence. He was paroled on 6-7-04 with a FTD of 3-10-08.

Based on an AVR, the USPC issued a warrant charging Law Violation: a) Attempted Murder, b) Assault with a Deadly Weapon, c) Felon in Possession of a Firearm. The charge stemmed out the subject shooting the victim and assaulting him with the gun. The offense occurred in Prince George's County, MD.

The Commission's warrant was executed on 8-7-06 and the subject was scheduled for a revocation hearing on 12-11-06. That hearing had to be continued. Meanwhile, the local charge could not go forward as the subject was in Commission custody. Yvonne Brooks-Poole, Assistant State's Attorney has advised that the State is facing speedy trial issues and requests that the Commission temporarily release the subject so his criminal trial can proceed.

On December 14, 2006, a writ was received for the subject's appearance in the Circuit Court for Prince George's County, Maryland at 9:00 a.m. on December 20, 2006. The subject will be returned upon completion of trial. The trial is expected to last through Thursday, January 18, 2007 at which time the subject will be returned to the custody of the U.S. Marshals Service for the District of Columbia.

**Recommendation:** Release from the custody of the warrant dated June 5, 2006 to the custody of the Prince George's County Sheriff's Office on December 19, 2006 for an appearance in the Circuit Court for Prince George's County, Maryland. The subject will be returned to the custody of the Circuit Court for Prince George's County, Maryland. The subject will be returned to the custody of the U.S. Marshals Service for the District of Columbia following the completion of trial.

| Reviewer: | ____ Agree | ____ Disagree | ____ Discuss |
|---|---|---|---|
| Commissioner: | ____ Agree [signature] | ____ Disagree | ____ Discuss |
| Comm/Designee: | ____ Agree | ____ Disagree | |

GOVERNMENT EXHIBIT

# ATTACHMENT O

U.S. Department of Justice

United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland 20815-7201

**Notice of Action**

| | | |
|---|---|---|
| Name: Thompson, Craig | Institution: U.S. Marshal Services DC | |
| Register Number: 11220-007 | | |
| DCDC No: 252-583 | Date: | December 15, 2006 |

In the case of the above-named, the Commission has ordered the following:

Release from the custody of the warrant dated June 5, 2006 to the custody of the Prince George's County Sheriff's Office on December 19, 2006 for an appearance in the Circuit Court for Prince George's County, Maryland. The subject will be returned to the custody of the U.S. Marshals Service for the District of Columbia following the completion of trial.

**Reasons:**

State of Maryland vs Craig Devon Thompson

THE ABOVE DECISION IS NOT APPEALABLE.

Copies of this Notice are sent to your institution and to your supervising officer. In certain cases, copies may also be sent to the sentencing court. You are responsible for advising any others you wish to notify.

cc:  U.S. Marshals Service
     District of Columbia, District Court
     333 Constitution Ave., NW, Room 1400
     Washington, D.C. 20001
     Warrants - Attn: David Baldwin

GOVERNMENT
EXHIBIT

Thompson 11220-007                    AKA    Clark                    -1-

Queued: 12-15-2006 11:48:00 USM-District of Columbia - District Court | USM-District of Columbia - District Court, D.C.

District Court |

ATTACHMENT P





**United States Parole Commission**
U.S. Department of Justice

---

**Type of Contact....:** Incoming Telephone Call

**Date & Time.........:** February 1, 2007, 12:10 PM

**Name of Contact..:** Yvonne Brooks-Poole

**Agency.................:** State's Attorney's Office
........................................ P.G. County, Maryland

**Phone Number ....:** 301-952-2351

**Prisoner...............:** Thompson, Craig
**Reg. No. 11220-007**
**DCDC No. 252-583**

**Keyer ...................:** Deirdre Jackson
Deputy Case Services Administrator

---

Ms. Brooks-Poole returned my call regarding the above-named. She advised the subject has been convicted of the following:

1st Degree Assault
Use of a Handgun during a Crime of Violence
Carrying a Dangerous Weapon
Reckless Endangerment

He is scheduled to be sentenced on 2/22/2007. She will submit a request to have him returned to Maryland for sentencing.

# ATTACHMENT Q

# Memorandum

| **Subject** | **Date** |
|---|---|
| **Thompson, Craig**<br>**Reg. No. 11220-007** | February 1, 2007 |

| **To** | **From** |
|---|---|
| Steve Husk<br>Case Operations Administrator<br>U.S. Parole Commission | Deirdre Jackson<br>Deputy Case Services Administrator<br>U.S. Parole Commission |

**Summary:** The subject was sentenced to 15 years after being convicted of Possession of a Firearm During a Crime of Violence. He was paroled and revoked by the DCPB prior to his beginning his current supervision term on 6/7/2004. His current full term date is 3/10/2008.

The USPC issued a PV warrant on 6/5/2006 charging subject with Attempted Murder, ADW (Gun) and Felon in Possession of a Firearm. The charges stemmed from an incident in PG County wherein the subject fired several shots at the victim, striking the victim in the back, buttocks and hand. When the victim attempted to run, the subject chased the victim and struck him in the head with the gun. The PV warrant was executed on 8/7/2006. Local hearings were scheduled for 10/11/2006 and 12/11/2006 but both hearings were continued. The subject is now scheduled for a local hearing on 3/8/2007.

On 12/21/2006 subject was released to PG County authorities to appear in Court on his new criminal charges. He was convicted of 1st Degree Assault; Use of a Handgun During a Crime of Violence; Carrying a Dangerous Weapon and Reckless Endangerment. He is scheduled to be sentenced on 2/22/2007.

Based on the new convictions, the witnesses should not be ordered to appear to provide testimony. I am recommending the USPC proceed with an institutional revocation hearing on 3/8/2007.

**Recommendation:** Conduct institutional revocation hearing at the Correctional Treatment Facility on 3/8/2007.

| Reviewer: | Agree | Disagree | Discuss |
|---|---|---|---|
| Commissioner: | Agree | Disagree | Discuss |
| Comm/Designee: | Agree | Disagree | Discuss |

Commissioner/Designee _____   Date 10/2/07


GOVERNMENT EXHIBIT

| U.S. DEPARTMENT OF JUSTICE | SUPPLEMENT |
|---|---|
| UNITED STATES PAROLE COMMISSION | D.C. Code Offender |

Name ............................... Thompson, Craig
Reg. No. ............................ 11220-007
DCDC No. ........................... 252-583
FBI No. .............................. 33S729PA7
Birth Date ..........................
Race ................................ Black
Date ................................ February 1, 2007

**CHARGES:**

Referencing Charge No. 1 - Law Violation – b) Assault (Conviction); c) Use of Handgun During a Crime of Violence; d) Carrying a Dangerous Weapon; e) Reckless Endangerment. The releasee was convicted by the Prince George's County, Maryland Circuit Court for the above-cited offenses. Sentencing is scheduled for 2/22/2007. This charge is based on the information contained in the violation report dated 5/17/2006 from supervising officer Antone Banks and a phone slip dated 2/1/2007. Status of Custody/Criminal Proceedings: Continuous custody since 8/7/2006 (released to MD 12/21/06, returned 1/23/07).

I ADMIT [ ] or DENY [ ] this charge.

Warrant Issued .......... June 5, 2006

District Sent To:

**Warrant Recommended By:**

*Rhonda Jackson*

Deirdre Jackson
Deputy Case Services Administrator
U.S. Parole Commission

Thompson, Craig
Reg. No. 11220-007    DCDC No. 252-583
Warrant Application Supplement
Page 1
Queued: 02-01-2007 10:33:17 USM-District of Columbia - District Court

# ATTACHMENT R

Thompson 11220-007                                    -1-                              Clerk:  MEB

U.S. Department of Justice
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland 20815-7201

# Notice of Action

| | |
|---|---|
| Name:  Thompson, Craig | Institution:  U.S. Marshal Service DC |
| Register Number:  11220-007 | |
| DCDC No:  252-583 | Date:  February 16, 2007 |

In the case of the above-named, the Commission has ordered the following:

Release from the custody of the warrant dated June 5, 2006 to the custody of the Prince George's County Sheriff's Office on or about February 21, 2007 for an appearance in the Circuit Court for Prince George's County, Maryland in case no. CT061533X.  The subject will be returned to the custody of the U.S. Marshals Service for the District of Columbia following sentencing.

**Reasons:**

State of Maryland vs Craig Devon Thompson

THE ABOVE DECISION IS NOT APPEALABLE.

Copies of this Notice are sent to your institution and to your supervising officer.  In certain cases, copies may also be sent to the sentencing court.  You are responsible for advising any others you wish to notify.

cc:   U.S. Marshals Service
      District of Columbia - District Court
      333 Constitution Ave, N.W., Room 1400
      Washington, D.C. 20001
      Warrants - Attn:  David Baldwin

GOVERNMENT
EXHIBIT
R