UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RECEIVED
JUN 1 1 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Craig Devon Thompson
    Petitioner,

v.

Case No. CV 07-00477 (RCL)

District of Columbia
Department of Corrections et al,

The United States Parole
Commission
    Respondents

---

### REBUTTAL TO RESPONDENTS OPPOSITION TO PETITIONERS WRIT OF HABEAS CORPUS

    This matter comes before this court predicated on constitutional law (i.e. the 5th 8th and 14th amendments to the constitution of the United States). The respondent has now filed its opposition thereof, by and through counsel who submits volumes of **RHETORICAL INFORMATION,** including info chronocalizing events of which are irrelevant to the facts. The petitioner therefore, in the form of this action would like to put into perspective these and other subversive tactics deployed by the respondent who seemingly wishes to further cloud the issue, as **90%** of the information in its opposition involved other agencies application of policy, rules and regulations in terms of executing the petitioners original sentence imposed, not the respondents: the United States Parole Commission {hereafter the commission) which

substantiates one of the petitioners exact points in reference which will discuss at length later in this format (*see argument 2 expo facto exhibit a*).

Whereas, the respondents (the commission) policies, rules, and regulations had no affect in terms of executing the petitioners sentence until August 5, 1998. (*Note: see the National Capital Revitalization Improvement Act of 1998*). Thus, the volume of information the respondent relies on in its Opposition is rhetorical and irrelevant to the facts; clearly subversive in nature, endeavoring to further skirt and confound the real issue before this court. Further, being that the petitioner is a pro se litigant and laymen to the law, its serves as a method to advertently confuse the process of obscuring the petitioners need for clarity staying focused on subject matter and its relevancy to matters at hand ("the Sampson v. Delilah Complex). For that, the petitioner in the form of this rebuttal would like simply to reiterate the meritorious nature of his claim:

## I.     Separation of Power

Articles I, II, and III of the United States Constitution of the United States prohibits one branch of government from infringing on the others functional duty. Whereas, the petitioners initial argument in his claim was that (according to the explicit and mandatory language used in this original sentencing order (a judiciary mandate) stating **no less than 5 years; and not more than 15 years**. A mandatory minimum and statutory maximum implied.

The "Commission" who represents the executive branch of government does not have the authority to alter this judiciary order and elongate this sentence beyond the statutory maximum penalty imposed. The respondent thus, lacks subject matter and jurisdiction of this

case as the petitioner has actually satisfied the statutory maximum portion of his sentence (real time in confinement); the actual fifteen imposed by his sentencing judge has officially expired and the respondent lacks the authority to extend that term. *(See exhibit a face sheet from Department of Corrections)*

As it is, the original sentencing order provides the maximum period of time which could be served in prison (i.e. not more than 15 years) set by judicial proceedings; and that articles I, II, and III of the United States Constitution prohibits an executive branch whom the respondent represents from altering that order without isolating the petitioners sixth amendment right to the United States Constitution.

Again, the respondent represents the executive branch of government and a mere agent of the court in terms of executing sentences whose authority ends at that, not to be misconstrued with the judiciary branch of government whose delegated authority permits it to prescribe and implement penalties in accordance with the crime. In fact, if these non judicial entities were permitted to infringe on judiciary proceedings it would certainly undermine the criminal justice system in its need to administer the law.

## II.   Expo Facto

The respondent's subsequent application of its policies, rules, and regulations in terms of executing the Commissions sentence also violates **expo facto**. Here is an instance where 2 (two) separate but distinct standards are applied in terms of executing the courts original sentencing order. At the time he was sentenced, the District of Columbia Municipal Regulation

manual was a grid by which guidelines the judge took into consideration at the time he imposed sentence. (*i.e. the D.C.M.R*).

And now, the respondent, (the commission) wishes to apply it subsequent policy, rules and regulations standard which could not and was not considered by the sentencing judge at the time he imposed sentencing. Contrary to the latter, the D.C.M.R. made no such provision that the petitioner's statutory maximum portion of his sentence could be discontinued, altered nor elongated in any manner. In fact, the D.C.M.R., the grid of which the sentencing judge considered during imposition of sentence provides that (all time spent on the street and parole **shall be** credited towards the full term expiration of the defendants sentence. *(note: see the DCMR manual under "the dc good time credit act of 1987")* this was the grid by which the sentencing judge took into consideration concerning how the petitioner's sentence would actually be carried out (**executed**).

At that time the respondent, "the commission" had no jurisdiction over the execution of DC code sentencing; and when in federal custody, based on Cosgrove v. Thornburg it still must apply the guidelines of the D.C.M.R. in the event parole eligibility and /or revocation (the D.C.M.R. takes precedence)

Therefore, the sentencing judge when contemplating what penalty to impose to fit the crime took into account specific factors of parole eligibility and good time credit. Those standards at the time he was sentenced were predicated on the D.C.M.R. the guideline considered during the imposition of his sentence.

Thus, since there are two (2) separate but distinct standards being applied here in terms of executing this sentence, it is the sentencing jurisdiction policies, rules and regulations which must take precedence here or else an end result thereof is in violation of the expo facto clause of the United States Commission.

### III.   Double Jeopardy

The 5th amendment of the United States Constitution clearly bars a person to be subject for the same offense to be twice put in jeopardy of life, limb, or liberty (*note: see north Carolina vs. Pearce, 395 U.S. 711-717) 1969*).

Again, the facts being established about the dual application of sep guidelines in terms of executing a judicial order.  The petitioner further contends that a 2nd punishment is implied by the respondent based on its intent to apply its statutes, policies, and guidelines, (the Commissions Parole Manual) grid which were not considered nor included during the initial sentencing scheme. would cause him to twice be punished for the same offense in violation of his 5th amendment rights.

In conclusion, the petitioner in the form of this rebuttal to the respondents Opposition to his claim prays that this honorable court in its jurisprudence find this writ to be meritiously fruitful and conclude that the respondent in this matter indeed violated his constitutional rights and as such the court should permit his Writ of Habeas Corpus to be issued and not summary denied as requested by this transgressing party.

Therefore, the petitioner in this matter further persists that his Writ of Habeas Corpus is issued by granting him his original release sought in his absolute freedom from illegitimate and illegal restraints of the respondent.

Respectfully submitted on this 11th day of June 20007

_____
Craig Devon Thompson

## CERTIFICATE OF SERVICE

I do hereby certify that two copies of this foregoing action was hand delivered to the Clerk in care of both respondents at 333 Constitution Ave., NW, Washington DC 20001

I also swear under the penalty of perjury that the above information is accurate and true to the best of my knowledge.

Respectfully submitted on this 11th day of June, 2007.

_____
Craig Devon Thompson

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of this ongoing action was mailed via 1st class mail/and delivered to the assistant us attorneys office in care of the respondent at 555 4th street NW Washington DC 20053.

Respectfully submitted on this 11th day of June, 2007.

_____
Craig Devon Thompson

# EXHIBIT A

# DISTRICT OF COLUMBIA
## DEPARTMENT OF CORRECTIONS
### FACE SHEET No. 1

PREPARED 5-3-92 (Mo. Da. Yr.)

| Field | Value |
|---|---|
| CDC Number | 252583 |
| Name (last, first, middle) | Thompson, Craig D. |
| Alias Used | No |
| Aliases | — |
| Institution | CDF |
| Prisoner Type | D.C. ☑ |
| Number of Previous Commitments | 2 |
| Commitment Date | 5-3-92 |
| House No. | 4907 |
| Street Name | C St |
| Street Code | SE |
| Quadrant | #80 |
| City | Wash. |
| State | D.C. |
| Race and Sex | ☑ Negro Male |
| Birth Date | 2-13-75 |
| Age | 17 |
| Birth Place | DC |
| Marital Status | ☑ Single |
| Church | Protest. |
| Read and Write | Yes ☑ |
| Years of School | 12 |
| Occupation | None |
| Veteran | No |
| Receiving Pension | No |
| Disability | None |
| Treatment | None |
| Surrender Valuables | No |
| Searched By | P.W. |
| Height | 5'7" |
| Weight | 165 |
| Eyes | BRN |
| Hair | BLK |
| Complexion | BRN |
| Build | M/J |
| Fingerprint Classification | — |
| Fingerprint Reference | — |
| Police I.D. No. | 459542 |
| F.B.I. No. | — |
| Driver's License No. | None |
| Social Security No. | 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 |
| Narcotics | None |
| Alcohol | Non User |
| Welfare Benefits Received | None |
| Detainer | No |
| Cash Surrendered | 27.61 |

| CASE NO. | CHARGE | BOND AND FURTHER HEAR. | DISPOSITION AND DATE |
|---|---|---|---|
| F-468-92 | ADW | N/B (Conv) | |

Scheduled Release Date: — 
Release Reason: — 
Date: — 
Released By: — 

AUTHORIZED BY _____ 252583

ADP Form 19 DCDC-7-70

**DISTRICT OF COLUMBIA
DEPARTMENT OF CORRECTIONS
FACE SHEET No. 2**

Date Prepared: 10-9-92 (Mo., Da., Yr.)

| DCDC Number | Name (Last, First, Middle) | Race | Sex |
|---|---|---|---|
| 252583 | Thompson, Craig | B | M |

| Height | Weight | Build | Eyes | Hair | Age | Birth Date | Place of Birth |
|---|---|---|---|---|---|---|---|
| | | | | | | 2-13-75 | |

| Field | Value |
|---|---|
| Offense | Total Sent: 5-15 years less 227 days; Poss. of Firearm |
| Case Number | F468-92 H |
| Sentence (Yrs., Mos., Days) | 5-15 years |
| Warrant Executed / Sentence Begins (Mo., Da., Yr.) | 10-8-92 |
| Full Term Date (Mo., Da., Yr.) | 2-22-2007 |
| Short Term / M.R. Date (Mo., Da., Yr.) | 3-11-2002 (EGT); 3-10-2002 |
| Parole Eligibility Date (Mo., Da., Yr.) | 2-22-97 |
| Max. Supervision Date (Mo., Da., Yr.) | N/A |
| Statutory Good Time Rate / Month | 1800 |
| Plea | Guilty |
| Committing Judge | Weisberg |
| Defense Attorney | — |
| Initialed By: | JS ?rW |

Att: Rob
Return Number 202 223-6031

### DETAINERS

| Date Filed | For | Action |
|---|---|---|

### CONDUCT CREDITS

| Date | Credits | Forfeit | Restore | Balance |
|---|---|---|---|---|
| 6-1-94 | 90 days (ST Law) EGT | | | |

### JAIL CREDIT DATES

| From and Including | To and Including |
|---|---|
| 1-13-92 | 3-19-92 = 67 |
| 4-17-92 | 4-23-92 = 7 |
| 5-8-92 | 10-7-92 = 153 |
| | Total 227 Days |

### REMARKS

Mandatory Minimum 5 years

$20.00 Assessed Under DC Law 4-100

# DISTRICT OF COLUMBIA
## DEPARTMENT OF CORRECTIONS
### FACE SHEET No. 2

5

Date Prepared

RETYPED 09-28-95 dat (Mo., Da., Yr.)

| DCDC Number | Name (Last, First, Middle) | | | | | | Race | Sex |
|---|---|---|---|---|---|---|---|---|
| 252583 | THOMPSON, CRAIG | | | | | | B | MALE |
| Height | Weight | Build | Eyes | Hair | Age | Birth Date 02-13-75 | Place of Birth | |

| Offense | TOTAL SENTENCE: 5yrs. to 15yrs; less 227 days |
|---|---|
| | Poss. of Firearm |
| Case Number | F468-92 H |
| Sentence (Yrs., Mos., Days) | 5-15 years |
| Warrant Executed / Sentence Begins (Mo., Da., Yr.) | 10-08-1992 |
| Full Term Date (Mo., Da., Yr.) | 02-22-2007    11-30-02 EGT |
| Short Term / M.R. Date (Mo., Da., Yr.) | 12-3-200? EGT  *01-26-2002  12-09-2001 egt    12-6-2001 egt of |
| Parole Eligibility Date (Mo., Da., Yr.) | 02-22-1997 |
| Max. Supervision Date (Mo., Da., Yr.) | NA |
| Statutory Good Time Rate / Month | 1800 |
| Plea | GUILITY |
| Committing Judge | WEISBERG |
| Defense Attorney | |

## DETAINERS

| Date Filed | For | Action |
|---|---|---|
| | | |

## CONDUCT CREDITS

| Date | Credits | Forfeit | Restore | Balance |
|---|---|---|---|---|
| 06-01-94 | 9days egt | street law | | |
| 07-08-94 | 32 days | egt GED | | |
| 11-01-94 | 9 | egt Advance Street Law | | |
| 08-25-95 | 3 egt | UDC | | |
| 1-17-96 | 3 days | egt TA PC | | |

### JAIL CREDIT DATES

| From and including | To and including |
|---|---|
| 01-13-92 | 03-19-92 = 67 |
| 04-17-92 | 04-23-92 = 7 |
| 05-08-92 | 10-07-92 = 153 |
| | Total     227 days |

### REMARKS

*ALL DATES REFLECTS EDUCATIONAL GOOD TIME.
VOID FACESHEET DATED 10-09-92

Mandatory Minimum 5 years
$20.00 Assessed Under D.C. Law 4-100

11-30-95 48 days egt 30 m sm hra Park College
3-9-96 3 days UDC
Not Eligible for EPA dt
8-5-97 - 3 days UDC

YELLOW COPY TO ADP