UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| CRAIG DEVON THOMPSON, SR., | ) )  ) |
| Petitioner, | ) ) |
| v. | ) Civil Action No. 07-0477 (RCL) ) |
| DISTRICT OF COLUMBIA DEPARTMENT OF CORRECTIONS *et al.*, | ) ) ) ) ) |
| Respondents. | ) ) |

MEMORANDUM OPINION

Petitioner seeks the issuance of a writ of *habeas corpus* pursuant to 28 U.S.C. § 2241.[1] He claims that his custody based on a parole violator warrant issued by the United States Parole Commission unlawfully extends his sentence beyond the expiration date. Upon consideration of the government's opposition, petitioner's rebuttal and the entire record, the Court finds no grounds for issuing the writ and therefore will deny the petition.

I. BACKGROUND

On October 8, 1992, the Superior Court of the District of Columbia sentenced petitioner to a prison term of 5 to 15 years for Possession of a Firearm During a Crime of Violence. Resp't Ex. A-B. Petitioner was released to parole on April 3, 1998, which was to expire on February 22, 2007. Exs. C1-C2. On April 10, 1999, petitioner was arrested in

---

[1] Although the docket reflects several address changes for petitioner, this Court has jurisdiction over the petition because it was filed during petitioner's confinement in the District of Columbia. *See Blair-Bey v. Quick*, 151 F.3d 1036, 1039 n.1 (D.C. Cir. 1998) ("habeas jurisdiction as a general matter continues to be in the district where the prisoner was incarcerated at the time the habeas petition was filed") (citation omitted).

Prince William County, Virginia, and charged with Possession with Intent to Distribute Marijuana. Ex. E. Consequently, the District of Columbia Parole Board issued a parole violator warrant on April 26, 1999, based on the arrest. Ex. D1-D3. Following a parole revocation hearing on August 21, 1999, the Parole Board revoked petitioner's parole and ordered that he be reconsidered for parole by March 8, 2000. Ex. G.

    The United States Parole Commission, having assumed parole responsibility of District of Columbia felons in August 1998, conducted a parole reconsideration hearing on March 22, 2000, but ordered petitioner to serve 60 months' imprisonment before being reconsidered for parole. Ex. H, p. 7. On June 7, 2004, the Parole Commission released petitioner to parole with an expiration date of March 10, 2008. Ex. J. However, on May 17, 2006, the Parole Commission was informed that petitioner was wanted by authorities in Prince George's County, Maryland, for attempted murder. Ex. K. Thus, on June 5, 2006, the Commission issued a parole violator warrant, which was executed by petitioner's arrest on August 7, 2006. Ex. L. Following a probable cause hearing on August 11, 2006, the hearing examiner found probable cause on one or more of the underlying charges. Ex. M. Petitioner was then returned to the custody of the Prince George's County Sheriff's Office to stand trial on the attempted murder charge. Exs. N and O. He was convicted in Maryland for first-degree assault, use of a handgun during a crime of violence, carrying a dangerous weapon and reckless endangerment, Exs. P and Q, and was scheduled to be sentenced on February 22, 2007. Ex. P. Upon receiving this information, the Parole Commission scheduled a revocation hearing on March 8, 2007, at the District's Central Treatment Facility. Petitioner filed this action on March 14, 2007.

## II.  DISCUSSION

The extraordinary remedy of *habeas corpus* is available to District of Columbia prisoners if the prisoner shows that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).  Petitioner invokes the separation of powers doctrine as well as the double jeopardy, *ex post facto* and due process clauses of the Constitution.  Pet. at 5-6; Rebuttal to Respondents' Opposition to Petitioner's Writ of Habeas Corpus at 2-5.  The double jeopardy clause is not applicable to parole decisions.  *United States v. DiFranceso*, 449 U.S. 117, 137 (1980); *Maddox v. Elzie,* 238 F.3d 437, 447 (D.C. Cir. 2001).  And, as will become apparent, petitioner cannot establish violations of the remaining constitutional provisions upon which he relies.

Petitioner claims that his sentence expired on January 13, 2007, nearly 15 years from his original sentencing date.  Thus, he argues that the Parole Commission lacks jurisdiction to hold him on the parole violator warrant because (1) "the explicit and mandatory language used in his original sentencing order [of] 'no less than five . . . years; and not more than [fifteen] years" means that "he has actually satisfied its maximum requirement," and (2) the Parole Commission "is not a judicial branch of government [and, thus,] lack[s] the authority to alter the judge[']s original sentencing order. . . ."  Pet. at 2 (emphases omitted).

Petitioner's claims are premised on his belief that his custody has extended beyond 15 years, in violation of the Superior Court's sentence.  He fails to acknowledge, however, that District of Columbia law mandates that upon the revocation of parole, "[t]he time a prisoner was on parole shall not be taken into account to diminish the time for which he was sentenced."  D.C. Code § 24-406(a) (formerly § 24-206).  *See United States Parole Commission v. Noble*,

693 A.2d 1084, 1094-1104 (D.C. 1997), *reinstated* 711 A.2d 85 (D.C. 1998) (en banc) (interpreting D.C. Code § 24-206(a) as requiring upon parole revocation the forfeiture of street-time credit); *McKee v. U.S. Parole Com'n*, 214 Fed.Appx. 1, 2 (D.C. Cir. 2006) ("*Noble* provided an authoritative statement of the meaning of D.C. Code § 24-206(a) (1981) that was consistent with the statutory language."). Thus, upon each of petitioner's parole revocations, the number of days he spent on parole was properly rescinded and, thus, no longer counted towards the service of his prison term. Contrary to petitioner's contention, this "criminal sanction[] [did] not involve the increase of a final sentence," *DiFranceso*, 449 U.S. at 137, but rather simply returned him to the position he would have been but for his release to parole.

It is established that District of Columbia prisoners do not have a constitutionally protected liberty interest in being released to parole and therefore have no protections under the due process clause with respect to parole determinations or procedures. *See Ellis v. District of Columbia*, 84 F.3d, 1414, 1415-20 (D.C. Cir. 1996) (neither the Constitution nor the District of Columbia regulations create a liberty interest in parole); accord *Blair-Bey v. Quick*, 151 F.3d 1036, 1047 (D.C. Cir. 1998); *Brandon v. D.C. Board of Parole*, 823 F.2d 644, 648 (D.C. Cir. 1987). Moreover, "there is no *ex post facto* violation when appellant's sentence was recalculated to exclude any credit previously given for street time." *Jones v. Bureau of Prisons*, 2002 WL 31189792, *1 (D.C. Cir., Oct. 2, 2002) (citing *Davis v. Moore*, 772 A.2d 204, 214-15 (D.C.2001) (en banc)).

As for petitioner's separation of powers argument, *see* Rebuttal at 2-3, the Parole Commission has had jurisdiction over parole matters of District of Columbia felons since August 1998. D.C. Code § 24-1231 (now § 24-131); *see Franklin v. District of Columbia*, 163 F.3d 625,

632 (D.C. Cir. 1998). It is empowered to grant, deny, or revoke a District of Columbia offender's parole and to impose or modify his parole conditions. D.C. Code § 24-131(a). As the duly authorized paroling authority, the Commission does not usurp a judicial function when, as here, it acts "pursuant to the parole laws and regulations of the District of Columbia." D.C. Code § 24-131(c). This is so because "parole revocation is not the continuation of a criminal trial but a separate administrative proceeding," *Maddox*, 238 F.3d at 445, pertaining to the execution of an imposed sentence. *See also, e.g., United States v. Wilson*, 503 U.S. 329, 335 (1992) ("After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence," which includes "as an administrative matter" calculating jail-time credit); *Montgomery v. U.S. Parole Com'n*, 2007 WL 1232190, *2 (D.D.C. Apr. 26, 2007) (Kollar-Kotelly, J.) ("The Parole Commission does not exercise a judicial function and its decisions do not violate the separation of powers.") (citing cases); *Hardy v. United States*, 578 A.2d 178, 181 (D.C. 1990) (citing Fifth, Sixth and Eighth circuit cases) ("jeopardy does not attach in probation or parole revocation proceedings because they are not new criminal prosecutions but rather continuations of the original prosecutions which resulted in probation or parole.") (citations omitted). Because the originally imposed sentence of 5 to 15 years' imprisonment was unchanged by the Commission's lawful rescission of street-time credit, petitioner's claim of infringement upon the judiciary is without merit.

## CONCLUSION

For the foregoing reasons, the petition for a writ of *habeas corpus* is denied. A separate Order will issue contemporaneously.

_____s/_____
Royce C. Lamberth
United States District Judge

Date: September 24, 2007