UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| CRAIG DEVON THOMPSON, SR., | ) <br> ) |
| Petitioner, | ) <br> ) |
| v. | ) Civil Action No. 07-0477 (RCL) <br> ) |
| DISTRICT OF COLUMBIA <br> DEPARTMENT OF <br> CORRECTIONS *et al.*, | ) <br> ) <br> ) <br> ) |
| Respondents. | ) <br> ) |

## MEMORANDUM AND ORDER

The United States Court of Appeals for the District of Columbia Circuit ordered on April 25, 2008 that this Court make a determination as to whether a certificate of appealability ("COA") is warranted in this case.

Petitioner filed a Notice of Appeal on April 3, 2008 [28] of this Court's March 6, 2008 Order [26] denying reconsideration of the Minute Order of December 3, 2007, which itself denied Plaintiff's Motion for Stay of November 5, 2007 [24] because the case had already been dismissed by this Court's Memorandum Opinion and Order of September 24, 2007 [21 & 22]. Notably, Petitioner has *not* appealed the actual final order in the case – this Court's Order of September 24, 2007 [21], which denied the petition for a writ of *habeas corpus*, dismissed the case, and clearly stated: "This is a final appealable Order."

In order to grant a COA, this Court must find that "applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Further, "[t]he petitioner need not show that he should prevail on the merits. . . . Rather, he must demonstrate that the

issues are debatable among jurists of reason; that a court *could* resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983) (internal quotation marks omitted); *see also Byrd v. Henderson*, 326 119 F.3d 34, 36 n.3 (D.C. Cir. 1997) (holding that Barefoot standard applies to COA requests).

Petitioner's Notice of Appeal of April 3, 2008 [28] states an intention to "appeal the District Court[']s March 6, 2008, improvident denial of A Writ of Habeas Corpus" and refers to the December 3, 2007 Minute Order as the "final order dismissing the pending Writ of Habeas Corpus." Since neither of these orders are the final order in this case, Petitioner has apparently misdirected his appeal. Neither of these orders deny Petitioner's petition for a writ of *habeas corpus*; instead, they merely deny (and deny reconsideration of) Petitioner's untimely Motion for Stay, which was filed six weeks after a final order had been issued in the case. Thus, Petitioner's constitutional rights are not implicated by the orders appealed by Petitioner. The propriety of denying an untimely Motion for Stay filed six weeks after a final order has issued is not a debatable issue among jurists of reason. A court could not resolve the issues raised by the appeal in a different manner, and no adequate questions are raised which deserve encouragement to proceed further. Therefore, a COA should not issue.

However, even if this Court could treat Petitioner's appeal as an appeal that goes to the merits of this Court's Memorandum Opinion and Order of dismissal of September 24, 2007 [21&22], a COA would not be warranted, because Petitioner's filings in this case fail to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

In his Petition for Writ of *Habeas Corpus* [1], Petitioner claimed that being held in

custody subject to a parole violator warrant issued by the United States Parole Commission ("USPC") unlawfully extended his sentence beyond the expiration date.

Petitioner first claims that the USPC lacks jurisdiction to hold him in custody subject to a parole violator warrant after January 13, 2007 because he was sentenced to a term of "[n]ot more than [fifteen] (15) years" on January 12, 1992 (the actual sentencing date was October 8, 1992), even though he was released on parole twice during that period. Pet. at 1-2 (emphasis omitted).

But as the Memorandum Opinion [22] explains, Petitioner's claims fail to even acknowledge that District of Columbia law plainly states that "[t]he time a prisoner was on parole shall not be taken into account to diminish the time for which he was sentenced." D.C. Code § 24-406(a) (formerly § 24-206). It is established law that D.C. Code § 24-406(a) requires the forfeiture of street-time credit upon revocation of parole. *See United States Parole Commission v. Noble*, 4693 A.2d 1084, 1094-1104 (D.C. 1997), *reinstated* 711 A.2d 85 (D.C. 1998) (en banc); *McKee v. U.S. Parole Com'n*, 214 Fed.Appx. 1, 2 (D.C. Cir. 2006). Petitioner has failed to raise any question about the meaning of this law or its interpretation. Petitioner also admits that he was released on parole twice during that period, and admits that "total time actually spent in confinement . . . is eleven (11) years two (2) months." Pet. at 1. It is therefore clear that the "criminal sanction[] [did] not involve the increase of a final sentence," *United States v. DiFranceso*, 449 U.S. 117, 137 (1980), but simply returned Petitioner to serving the same sentence he would have served had he not been paroled. Petitioner thus fails to meet the standard delineated above for issuing a COA on this issue.

Petitioner also raises the separation of powers doctrine, claiming that the USPC "is not a judicial branch of government [and, thus,] lack[s] the authority to alter the judge's original

sentencing order. . . ." Pet. at 2.  But as the Memorandum Opinion [22] explains, it is well established that the USPC does not usurp a judicial function when revoking parole – which is an administrative matter pertaining to the execution of an imposed sentence – and that such action does not violate the separation of powers doctrine.  *See*, *e.g.*, *United States v. Wilson*, 503 U.S. 329, 335 (1992) ("After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence," which includes "as an administrative matter" calculating jail-time credit); *Maddox v. Elzie,* 238 F.3d 437, 445 (D.C. Cir. 2001) ("[P]arole revocation is not the continuation of a criminal trial but a separate administrative proceeding . . ."); *Montgomery v. U.S. Parole Com'n*, 2007 WL 1232190, *2  (D.D.C. Apr. 26, 2007) (Kollar-Kotelly, J.) ("The Parole Commission does not exercise a judicial function and its decisions do not violate the separation of powers.") (citing several cases).  Since the USPC did not modify the originally imposed sentence by merely revoking parole and rescinding street-time credit, Petitioner thus presents no separation of powers issues that meet the standard delineated above for issuance of a COA.

    Petitioner also raises several other constitutional claims, such as violation of due process protections, violation of the protection against double jeopardy, and violation of the protection against *ex post facto* laws.  None of these claims have any merit; it is well established that these constitutional protections are not applicable to parole decisions such as revocation.  *See*, *e.g.*, *Ellis v. District of Columbia*, 84 F.3d, 1414, 1415-20 (D.C. Cir. 1996) (neither the Constitution nor the District of Columbia regulations create a liberty interest in parole); *DiFranceso*, 449 U.S. at 137 ("[T]here is no double jeopardy protection against revocation of probation . . ."); *Jones v. Bureau of Prisons*, 2002 WL 31189792, *1 (D.C. Cir., Oct. 2, 2002) ("[T]there is no *ex post facto*

violation when appellant's sentence was recalculated to exclude any credit previously given for street time.") (citing *Davis v. Moore*, 772 A.2d 204, 214-15 (D.C.2001) (en banc)).  Petitioner also does not meet the standard for issuance of a COA on these issues.

For the reasons stated above, it is hereby **ORDERED** that a certificate of appealability is **DENIED**.  The Clerk shall transmit a copy of this Order to the Clerk of the Court of Appeals.

**SO ORDERED.**

Signed by Royce C. Lamberth, Chief Judge, on May 19, 2008.